OPINION
{¶ 1} This appeal arises from the Geauga County Court of Common Pleas wherein, appellant, Wesley Pearson ("Pearson"), appeals the denial of his motion to withdraw guilty plea as well as the denial of a motion for relief from judgment.
 {¶ 2} On February 28, 2000, Pearson was indicted on two counts of aggravated murder, one count of aggravated robbery, one count of attempted aggravated murder, and one count of attempted kidnapping. The indictment included both death and firearm specifications. Pearson entered pleas of guilty to each count of the indictment with specifications on September 6, 2000. Pearson was subsequently sentenced on March 22, 2001, to life imprisonment with parole eligibility after serving forty-three years. No direct appeal was taken.
 {¶ 3} On November 5, 2001, approximately eight months after the sentencing hearing, Pearson filed a motion to withdraw his guilty pleas. The trial court denied Pearson's motion in a judgment entry dated December 13, 2001. On January 14, 2002, Pearson filed a motion for relief from judgment under Civ.R. 60(B)(5). That motion was subsequently overruled by the trial court on February 4, 2002.
 {¶ 4} Pearson then filed this current appeal, citing five assignments of error. Pearson's first assignment of error is:
 {¶ 5} "The trial court erred in denying defendant's motion to withdraw plea in order to correct manifest injustice."
 {¶ 6} In his first assignment of error, Pearson contends that the trial court erred in denying his motion to withdraw his guilty plea when his guilty plea was not entered knowingly, intelligently, and voluntarily.[1] Specifically, Pearson asserts that court-appointed counsel informed Pearson, just prior to trial, that counsel was informed that a co-defendant was intending to testify against Pearson. Pearson asserts that, subsequent to his guilty plea, he was informed that this information was false and, as such, his plea was not entered knowingly, intelligently and voluntarily.[2]
 {¶ 7} A defendant making a postsentence motion to withdraw a guilty plea must demonstrate that the withdrawal is necessary to correct a manifest injustice.[3] A court may grant a postsentence motion to withdraw a guilty plea in only the most extraordinary cases.[4]
Determinations as to the credibility, good faith, and weight of the defendant's assertions are within the sound discretion of the trial court.[5] Thus, appellate review of a trial court's denial of a motion to withdraw a guilty plea is limited to determining if the trial court abused its discretion.[6]
 {¶ 8} Pearson also asserts that the trial court erred in not conducting a hearing on the motion. However, a trial court is not required to conduct a hearing on every postsentence motion to withdraw a guilty plea.[7] A hearing is not required if the facts as alleged by the defendant would not require the withdrawal of the guilty plea.[8]
 {¶ 9} Generally, erroneous speculation on the part of counsel is not sufficient to warrant a withdrawal of a guilty plea.[9] In the instant case, Pearson alleges that his guilty plea was based on information he received from court-appointed counsel that co-defendant Holder was going to testify against him and that this was tantamount to ineffective assistance of counsel. This court has recognized that "[t]he mere fact that, if not for the alleged ineffective assistance of counsel, the defendant would not have entered a guilty plea is not
sufficient to establish the requisite connection between the guilty plea and the ineffective assistance."[10] Thus, Pearson's allegation of ineffective assistance of counsel does not, ipso facto, render his guilty plea not knowing or voluntary. Pearson's ineffective of counsel claim will be addressed, infra, under the fourth assignment of error.
 {¶ 10} It is also important to note that Pearson's sentencing hearing was conducted on March 22, 2001. Also of note is the fact that, by that date, more than six months after Pearson pled guilty, Holder's trial had concluded and she had been sentenced. Thus, Pearson and his counsel should have known at the time of his sentencing exactly what the substance of Holder's testimony had been.
 {¶ 11} As noted supra, Pearson did not submit a transcript of either the plea hearing or the sentencing hearing. Thus, we must presume the regularity of those proceedings and the subsequent judgment. We do not find that the trial court abused its discretion in denying Pearson's motion for withdrawal of his guilty plea.
 {¶ 12} Pearson's first assignment of error is without merit.
 {¶ 13} Pearson's second assignment of error is:
 {¶ 14} "The trial court erred in denying defendant's motion for relief from judgment."
 {¶ 15} In his second assignment of error, Pearson contends that the trial court erred in denying his Civ. R. 60(B)(5) motion for relief from judgment. Pearson asserts that an affidavit from Attorney Wantz, counsel for co-defendant Holder, is "evidence outside the record" which supports Pearson's claim that the court-appointed counsel provided ineffective assistance. However, we find no authority permitting a defendant to attempt to overturn a criminal conviction via a Civ.R. 60(B) motion. Pearson failed to properly seek redress through a direct appeal. Pearson cannot circumvent the lack of a timely appeal by filing a Civ.R.60(B) motion.
 {¶ 16} Pearson's second assignment of error is without merit.
 {¶ 17} Pearson's third assignment of error is:
 {¶ 18} "The trial court judge should have removed himself, sua sponte, from ruling on post conviction motions to avoid even a scintilla of impropriety."
 {¶ 19} In his third assignment of error, Pearson cites a number of reasons in support of his contention that the trial court judge should have recused himself from ruling on any postsentence motions. The underlying reasons include: (1) the judge never disclosed that he previously served as an assistant prosecutor under Prosecutor Joyce; (2) the judge denied defendant's request for a gag order and failed to discourage media exposure; (3) the judge allowed a motion hearing to proceed before the media; (4) the judge imposed the additional sanction on defendant of being presented with the victim's picture each year on the anniversary of her death; (5) the judge made harsh and demeaning statements to the defendant during sentencing; (6) the judge never disclosed he was running for election during the proceedings; (7) the judge was inexperienced in homicide cases; and (8) the judge appointed the counsel about whom Pearson asserts an ineffective assistance claim in this appeal.
 {¶ 20} Pearson asserts that each of these reasons, in the aggregate, necessitated a recusal of the trial court judge. It is not within the purview of this court to void a trial court judgment on the basis of disqualification of a trial court judge.[11] If a party believes that a judge is biased and should not preside over a case, the burden is on that party to file an affidavit of disqualification with the Supreme Court of Ohio.[12]
 {¶ 21} We are not persuaded by any of Pearson's arguments in support for disqualification of the trial court judge. However, it is the Supreme Court of Ohio, not this court, which has that authority. Moreover, as Pearson failed to properly attempt to disqualify the trial court judge, he is precluded from pursuing that matter through this court. Pearson's third assignment of error is without merit.
 {¶ 22} Pearson's fourth assignment of error is:
 {¶ 23} "The court-appointed counsel and the Ohio Public Defender's office failed to effectively represent the defendant."
 {¶ 24} In his fourth assignment of error, Pearson contends that his guilty plea was the result of ineffective assistance of counsel by both court-appointed counsel and the Ohio Public Defender's Office.
 {¶ 25} "Counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance."[13] A licensed attorney is presumed to have rendered effective assistance in representing a criminal defendant; thus, appellant bears the burden of proving ineffective assistance.[14]
 {¶ 26} Regarding court-appointed counsel, Pearson asserts that counsel provided "false and misleading information" regarding the testimony of co-defendant Holder which Pearson relied upon in entering his guilty plea.
 {¶ 27} At arraignment, Attorney Nici made an appearance as trial counsel. On May 31, 2000, Pearson filed a motion seeking Attorney Nici's associate, Attorney Tunnell, as well as another attorney, Attorney Luskin, to be appointed co-counsel. Attorney Luskin was a death penalty certified attorney. The trial court granted Pearson's motion. Thus, Pearson was represented by three attorneys in the case.
 {¶ 28} Pearson contends that he was informed by Attorney Luskin, just prior to trial, that co-defendant Holder's counsel, Attorney Wantz, informed Luskin that Holder would be testifying against Pearson. Pearson asserts that the "sole basis" of his guilty plea was this information he received from Luskin and that Attorneys Nici and Tunnell were "paralyzed" by this information and forced to instruct Pearson to plea guilty.
 {¶ 29} As noted above, erroneous speculation on the part of trial counsel does not automatically warrant the withdrawal of a guilty plea.[15] Also, as noted above, Pearson failed to submit a transcript from the plea hearing so this court must presume the regularity of the proceedings below. Pearson was represented by three attorneys prior to entering his guilty plea. He only alleges ineffective assistance of Attorney Luskin. However, each attorney, working as co-counsel, is responsible for Pearson's representation. We are not persuaded by Pearson's argument that Attorney Luskin provided false information which left the other attorneys "paralyzed" and were only able to stand by as Pearson pled guilty. Moreover, we are also not persuaded by Pearson's argument that Luskin's statements fall below an objective standard of representation and that he was prejudiced by them; particularly in light of the fact that Pearson was represented by two other attorneys at the time he entered his guilty plea.
 {¶ 30} Regarding the Ohio Public Defender's Office, Pearson asserts that the public defender, which represented him postconviction, provided ineffective assistance. Specifically, Pearson contends counsel was ineffective because she failed to ask the judge to recuse himself, failed to submit affidavits in a timely manner, and failed to raise the issue that the sentence included a component not agreed to by the parties.
 {¶ 31} As addressed under the third assignment of error, there were no clear grounds for the trial judge to recuse himself and, had there been, an affidavit of disqualification filed with the Supreme Court of Ohio was the proper avenue to pursue. Moreover, Pearson's contention that the public defender did not timely file affidavits is baseless as the court noted that it considered all affidavits in rendering its decision on both motions. Lastly, Pearson's assertion that the public defender did not raise the issue of the additional sentence component not included in the plea agreement is baseless. The proper method of challenging a trial court's sentence is via a direct appeal, not a postconviction petition to withdraw a guilty plea. Also, as noted above, the trial court was not strictly bound by the plea agreement. Thus, Pearson has not made a successful claim for ineffective assistance of counsel relating to either court-appointed counsel or the public defender.
 {¶ 32} Pearson's fourth assignment of error is without merit.
 {¶ 33} Pearson's fifth assignment of error is:
 {¶ 34} "The trial court imposed a sanction which was not agreed to by the parties."
 {¶ 35} In his fifth assignment of error, Pearson argues that the trial court erred in imposing a sanction that was not included in the written plea agreement. Specifically, the trial court ordered that a picture of the victim be placed before Pearson each year on the anniversary of her death.
 {¶ 36} Pearson did not file a direct appeal from his final judgment of conviction, pursuant to App.R. 4(A). Moreover, Pearson could have raised this issue in a direct appeal and, thus, is barred from raising it in a petition for postconviction relief.[16] Therefore, Pearson's fifth assignment of error is barred by the doctrine of res judicata. The doctrine of res judicata provides that "`a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could havebeen raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment.'"[17]
Thus, Pearson is precluded from challenging his sentencing in this appeal.
 {¶ 37} Notwithstanding the procedural defect, we are not persuaded by Pearson's contention that the trial court erred in imposing sentence. A trial court is not obligated to accept every plea agreement.[18] When a trial court accepts an agreement, it is not bound to strictly adhere to the terms therein.[19] The plea agreement at issue states that if "[Pearson] fully cooperates with the State of Ohio, the State will recommend an aggregate sentence of life in prison, with eligibility for parole in 43 years." It was this sentence that was imposed by the trial court along with the order requiring the victim's picture to be placed before Pearson.
 {¶ 38} We find that the trial court accepted the written plea agreement and did not contradict any of the terms. The trial court did not abuse its discretion when it included the additional order, requiring Pearson to have the victim's picture placed before him yearly, as it was not contrary to the written plea agreement.
 {¶ 39} Pearson's fifth assignment of error is without merit.
 {¶ 40} Based on the foregoing, the judgment of the trial court is affirmed.
Judgment affirmed.
Judith A. Christley and Cynthia Westcott Rice, JJ., concur.
[1] Pearson has failed to submit a transcript of the plea or the sentencing hearings for our review.
[2] Pearson also raises an ineffective assistance of court-appointed counsel claim in his fourth assignment of error based on the "false information" provided by court-appointed counsel.
[3] Crim.R. 32.1; See, also, State v. Kerns (July 14, 2000), 11th Dist. No. 99-T-0106, 2000 Ohio App. LEXIS 3202, at *3.
[4] State v. Madeline (Mar. 22, 2002), 11th Dist. No. 2000-T-0156, 2002 Ohio App. LEXIS 1348, at *7, citing State v. Smith (1977),49 Ohio St.2d 261, 264.
[5] State v. Gibbs (June 9, 2000), 11th Dist. No. 98-T-0190, 2000 Ohio App. LEXIS 2526, at *6.
[6] State v. Peterseim (1980), 68 Ohio App.2d 211, 214.
[7] Kerns, at *5-6.
[8] State v. Blatnik (1984), 17 Ohio App.3d 201, 204.
[9] Id. at 203.
[10] (Emphasis in original.) Madeline, at *10, citing State v. Sopjack
(Dec. 15, 1995), 11th Dist. No. 93-G-1826, 1995 Ohio App. LEXIS 5572, at *11.
[11] (Citations omitted.) State v. Bayer (1995), 102 Ohio App.3d 172,184.
[12] See R.C. 2701.03.
[13] State v. Bradley (1989), 42 Ohio St.3d 136, paragraph two of the syllabus, citing Strickland v. Washington (1984), 466 U.S. 668.
[14] Kerns, at *7.
[15] See Blatnik, supra.
[16] (Citations omitted.) State v. Lewis (Dec. 19, 1997), 11th Dist. No. 96-T-5522, 1997 Ohio App. LEXIS 5746, at *6.
[17] (Emphasis in original.) Id. at *5, quoting State v. Perry (1967),10 Ohio St.2d 175, paragraph nine of the syllabus.
[18] (Citations omitted.) Warren v. Cromley (Jan. 29, 1999), 11th Dist. No. 97-T-0213, 1999 Ohio App. LEXIS 206, at *7.
[19] State v. Darmour (1987), 38 Ohio App.3d 160, 161.