OPINION
{¶ 1} Appellant, Abdullah H. Glenn, appeals from a judgment of the Lake County Court of Common Pleas sentencing him to ten years of incarceration for aggravated robbery with an additional three years of incarceration for a firearm specification; eighteen months of incarceration for receiving stolen property; and eighteen months of incarceration for his failure to comply with order or signal of police officer, all sentences to be served consecutively. For the reasons set forth below, appellant's two assignments of error are not well-taken. We affirm the trial court's judgment.
 {¶ 2} This matter arises from appellant's involvement in a robbery that occurred on December 5, 2001 in the parking lot of Great Lakes Mall in Mentor, Ohio. Appellant was driving a car which, shortly before, had been stolen from Euclid, Ohio.[1] During the robbery, appellant's passenger held a victim at gunpoint and robbed her of her purse. Appellant subsequently led police on a chase on State Route 2, Interstate 90, and through Eastlake, maintaining a speed ranging from 50 to 85 m.p.h. Appellant eventually lost control of the vehicle, ran over a curb, and stopped. Appellant then exited the vehicle and continued on foot but eventually surrendered. His passenger, the principal, was not found with him.
 {¶ 3} Appellant was nineteen years old at the time of the offense. He was on post-release control from a prison sentence stemming from a 1997 conviction for attempted aggravated robbery, with a firearm specification, that had been bound over to the adult system.
 {¶ 4} Appellant was indicted by the Lake County Grand Jury on charges of one count of complicity to aggravated robbery, a felony in the first degree, in violation of R.C. 2923.03(A)(2) and R.C. 2911.01, with an accompanying firearm specification pursuant to R.C. 2941.145; one count of receiving stolen property, a felony in the fourth degree, in violation of R.C.2913.51(A); and one count of failure to comply with order or signal of a police officer, a felony in the fourth degree in violation of R.C. 2921.331(B). Appellant waived his right to be present at his arraignment, and the trial court entered a not guilty plea on his behalf to all charges.
 {¶ 5} Appellant moved on February 26, 2001 to suppress any and all oral statements he made to the Mentor Police Department when they questioned him on December 5, 2000. Appellant argued that the Police Department had no probable cause or specific and articulable facts upon which to base appellant's seizure. Appellant also asserted in this motion that he did not knowingly, voluntarily, or intelligently waive his Miranda rights. The state opposed the motion, and the trial court denied the motion after a hearing on the matter.
 {¶ 6} Appellant later withdrew his not guilty plea and, on April 5, 2001, pleaded no contest to all charges set forth in the indictment, including the firearm specification. On April 9, 2001, the trial court accepted appellant's no contest plea and found him guilty on all charges.
 {¶ 7} The matter was referred to the Lake County Adult Probation Department for a presentence report and victim impact statement. The presentence report revealed appellant's juvenile and adult criminal history. Appellant's juvenile adjudications included a probation sentence for stolen property, a probation sentence for incorrigibility, and a conviction for receiving stolen property which was bound over to the adult court. Importantly, at age sixteen, appellant was convicted of attempted aggravated robbery with a firearm specification, for which he was sentenced to prison for two years with an additional year for the firearm specification. Appellant had been released from prison four months prior to the instant offenses and was under post-release control. Also, at the time of the presentence report, a matter was pending in which appellant was charged with receiving stolen property.
 {¶ 8} Appellant admitted to dealing crack cocaine; in the presentence interview, he denied he ever actually used crack cocaine. Appellant admitted in the interview that he had a hard time following the rules of society, and his version of the instant offense taken from his presentence questionnaire reads: "To my knowledge it was destiny. I just pray that true divine justice will prevail over all!"
 {¶ 9} Appellant's trial counsel and appellee agreed to a recommended sentence of eight years inclusive of all the convictions.
 {¶ 10} Appellant was sentenced on May 3, 2001 to maximum sentences on all charges. Specifically, appellant was sentenced to the maximum term of ten years of incarceration on the complicity to commit aggravated robbery count and three years of incarceration on the firearm specification of that count; the maximum term of eighteen months of incarceration on the count of receiving stolen property; and the maximum eighteen months of incarceration on the count of failure to comply with an order or signal of a police officer. The trial court ordered these sentences to be served consecutively, for a total of sixteen years of incarceration.
 {¶ 11} Appellant timely appealed the maximum and consecutive sentences. This court rendered an October 28, 2002 judgment affirming the maximum sentences and reversing, in part, the order of consecutive sentences. Specifically, this court remanded the matter to the trial court with an order to comply with R.C.2929.19(B)(2)(c) and specify its reasons on the record for imposing consecutive sentences. The imposition of maximum sentences remained the law of the case and was not part of the remand
 {¶ 12} On December 17, 2002, one day prior to the re-sentencing hearing, appellant, with new counsel, filed a motion to withdraw his no contest plea. The motion alleged he had been coerced by his former counsel into entering the no contest plea, he was not aware of the ramifications of his plea, and appellant's plea was, therefore, not knowing and voluntary.[2]
 {¶ 13} On December 18, 2002, the trial court denied appellant's motion without a separate hearing on the matter and proceeded to re-sentence appellant.
 {¶ 14} At this re-sentencing hearing, the trial court stated that it was incorporating its findings from the first sentencing hearing into the re-sentencing. The trial court then made certain findings on the record. The trial court stated that "[p]ursuant to Section 2929.14(E), the Court does find that consecutive sentences are necessary to protect the public from future crime and to punish [appellant], and that consecutive sentences are not disproportionate to the seriousness of [appellant's] conduct and to the danger [appellant] poses to the public."
 {¶ 15} The trial court then added that appellant "committed the multiple offenses while he was subject to Post-Release Control for a prior criminal offense. Specifically, at the time he committed the instant offenses [appellant] was under Post-Release Control following his release from a three-year prison term for * * * armed robbery. In fact, [appellant] committed the instant offense only four months from being released from his prior prison sentence."
 {¶ 16} The trial court continued and found that "the harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of [appellant's] conduct. * * * The victim of the aggravated robbery suffered serious psychological and economic harm as a result of [appellant's] conduct. Beyond this, the Court finds that the harm caused by the multiple offenses was so great or unusual because of the substantial risk of serious physical harm which [appellant] created by virtue of his operation of a stolen getaway car as he led the police on a lengthy hot pursuit [over one-third of Lake County]."
 {¶ 17} The trial court further found that appellant's "history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by [appellant]." The trial court found that appellant "has a lengthy history of criminal convictions and/or delinquency adjudications; [appellant] has not responded favorably to previously imposed sanctions including prior incarceration in prison; [appellant] expressed no remorse for committing the instant offenses; [appellant] is an admitted drug user and drug dealer who has expressly indicated he had a hard time following the rules of society."
 {¶ 18} Accordingly, the trial court sentenced appellant to the previously imposed sixteen-year sentence. The trial court memorialized its findings and conclusions in a January 6, 2003 judgment entry.
 {¶ 19} From this judgment, appellant timely appealed and asserts the following assignments of error:
 {¶ 20} "[1.] The trial court erred to the prejudice of defendant-appellant in overruling his motion to withdraw his no contest plea.
 {¶ 21} "[2.] The trial court erred to the prejudice of defendant-appellant when it imposed consecutive sentences."
 {¶ 22} In appellant's first assignment of error, he argues that the trial court erred by overruling his motion to withdraw his no contest plea, which he argues was made prior to sentencing. Our review of the record and the law reveals that appellant's motion to withdraw his plea was in fact made after sentencing and was properly denied by the trial court.
 {¶ 23} As previously discussed, on appellant's first appeal, we upheld the imposition of maximum sentences, but we concluded that the trial court failed to comply with R.C. 2929.19(B)(2)(c). As such, we remanded the matter to the trial court with an order for the trial court to specify its reasons on the record for imposing consecutive sentences. Because we affirmed the imposition of maximum sentences, that issue remained the law of the case and was not part of the remand
 {¶ 24} Prior to the re-sentencing hearing, appellant filed a motion to withdraw his plea. At the time of his motion, appellant had been sentenced and, in fact, that sentence was valid and in effect to a certain degree. It is thus apparent that appellant filed his motion post-sentence. Appellant's argument that he had yet to be sentenced is simply untrue. See, e.g., State v.Easterling (Mar. 28, 1997), 2nd Dist. Nos. 96CA13, 96CA57, and 96CA81, 1997 Ohio App. LEXIS 1294, (When a matter is remanded to a trial court for re-sentencing, a defendant had been properly sentenced on part of the subject indictment; any motion to withdraw a plea between initial sentencing and re-sentencing was post-sentence.).
 {¶ 25} Crim.R. 32.1 governs withdrawal of a plea. Crim.R. 32.1 provides:
 {¶ 26} "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct a manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw her plea." See, also, State v. Smith (1977), 49 Ohio St.2d 261,264. Thus, to withdraw a guilty or no contest plea after sentencing has taken place, a defendant must show that the withdrawal is necessary to correct a manifest injustice. The burden of establishing the existence of manifest injustice is on the defendant. Id. at paragraph one of the syllabus; State v.Whiteman, 11th Dist. No. 2001-P-0096, 2003-Ohio-2229, at ¶ 17.
 {¶ 27} A trial court is vested with the sound discretion to grant or deny a post-sentence motion for withdrawal of a plea.State v. Pearson, 11th Dist. Nos. 2002-G-2413 and 2002-G-2414, 2003-Ohio-6962, at ¶ 7. In reaching its decision, a trial court has the discretion to determine the "good faith, credibility and weight of the movant's assertions * * *." Smith at paragraph two of the syllabus. See, also, State v. Caraballo (1985),17 Ohio St.3d 66, 67. Importantly, "`an undue delay between the occurrence of the alleged cause for withdrawal of a guilty [or no contest] plea and the filing of a motion under Crim.R. 32.1 is a factor adversely affecting the credibility of the movant and militating against the granting of the motion.'" State v. Bush,96 Ohio St.3d 235, 2002-Ohio-3993, at ¶ 14, quoting Smith at paragraph three of the syllabus.
 {¶ 28} Accordingly, our review of a trial court's denial of a motion to withdraw a guilty plea is limited to a determination of whether the trial court abused its discretion. State v. Gibbs
(June 9, 2000), 11th Dist. No. 98-T-0190, 2000 Ohio App. LEXIS 2526, at 6-7. An abuse of discretion connotes more than an error of law or judgment; instead, it implies the trial court's attitude was unreasonable, arbitrary, or unconscionable. Statev. Adams (1980), 62 Ohio St.2d 151, 157.
 {¶ 29} In this matter, appellant alleged in his motion to withdraw his plea that he had been coerced by his former counsel into entering the no contest plea, he was not aware of the ramifications of his plea and, therefore, his plea was not knowing and voluntary. The trial judge questioned appellant's counsel as to appellant's motivation for moving to withdraw his plea at this late stage in the proceedings. The judge asked:
 {¶ 30} "If [appellant] believed that his plea was not knowingly, intelligently and voluntarily entered, why didn't he make that an [assignment] of error on the first appeal?"
 {¶ 31} Appellant's counsel was not able to answer the judge's question and stated, "I don't know the answer to that." However, the answer is clear. Appellant was unhappy and displeased with the trial court's sentence of sixteen years of incarceration which was a significant deviation from the eight-year recommendation of incarceration agreed to by his former counsel and the state. Had appellant had a legitimate contention that his plea was not voluntary, that issue would have been raised prior to his first sentencing hearing, and appellant would not have agreed with the state as to the sentencing recommendation. Accordingly, appellant failed to demonstrate that withdrawal of his plea was necessary to correct manifest injustice, and the trial court did not err by overruling his motion to withdraw his no contest plea.
 {¶ 32} Assuming arguendo that appellant's motion was pre-sentence, his argument that the trial court erred in overruling his motion still fails. In determining whether a trial court erred by overruling a defendant's motion to withdraw a plea, we apply the factors set out by the Eighth District Court of Appeals in State v. Peterseim (1980), 68 Ohio App.2d 211. InPeterseim, the court held that a trial court does not abuse its discretion by denying a defendant's motion to withdraw a plea when the following occur: (1) the trial court made certain, pursuant to Crim.R. 11, that the defendant fully understood the nature and consequences of the original plea and that the plea was entered into voluntarily; (2) the accused was represented by highly competent counsel; (3) the defendant was given an adequate hearing on his motion to withdraw his plea and was afforded the opportunity to make all arguments in support of his motion; and (4) the lower court gave the necessary consideration to defendant's motion. Id. at 214.
 {¶ 33} In this matter, this issue can be resolved by considering the first factor only. Appellant failed to submit a transcript of the plea hearing for this court to review when considering his appeal. Without a transcript, this court "* * * must presume the regularity of those proceedings and the subsequent judgment." Pearson at ¶ 11. See, also, State v.Brown, 1st Dist. No. C-010755, 2002-Ohio-5813, at ¶ 16. We must assume the trial court made certain that appellant fully understood the nature and consequences of his plea and that appellant entered into the plea voluntarily.
 {¶ 34} Further, appellant's written plea itself also raises a presumption that the plea was entered into knowingly, voluntarily, and intelligently. Whiteman at ¶ 22. See, also, Crim.R. 11. Appellant's written plea, dated April 5, 2001, signed by appellant himself, recites that appellant understands he is giving up certain constitutional rights and that the trial court informed him of rights connected with proceeding to trial. The written plea signed by appellant also states:
 {¶ 35} "* * * I understand these rights and privileges and the consequences of a no contest plea. I hereby waive and reject all of these rights. I am voluntarily pleading no contest of my own free will. * * * No promises have been made to me. No promises other than those which are part of this plea agreement have been made." Thus, even if appellant's motion was pre-sentence, these facts negate appellant's contention that he was coerced into entering a no contest plea.
 {¶ 36} Therefore, appellant's motion to withdraw his plea was a post-sentence motion that was properly denied by the trial court. Even assuming the motion was pre-sentence, appellant failed to establish that the trial court abused its discretion by denying the motion. Accordingly, appellant's first assignment of error is not well-taken.
 {¶ 37} In appellant's second assignment of error, he argues that the trial court erred by imposing consecutive sentences. As already discussed, this court remanded this matter to the trial court solely to specify on the record its reasons for imposing consecutive sentences. Appellant now contends that the trial court's reasons for imposing consecutive sentences were not supported by the record. We disagree.
 {¶ 38} Before addressing the merits of this assignment of error, we will review the requirements for imposing consecutive sentences. The imposition of consecutive sentences is governed by R.C. 2929.14(E)(4), R.C. 2929.19, and State v. Comer,99 Ohio St.3d 463, 2003-Ohio-4165.
 {¶ 39} Pursuant to R.C. 2929.14(E)(4), a trial court must make certain findings to impose consecutive sentences, and these findings must be stated on the record at the sentencing hearing. See, e.g., Comer. See, also, State v. Earle, 11th Dist. No. 2001-L-159, 2002-Ohio-4510, at ¶ 7. A trial court must find on the record at the sentencing hearing that consecutive sentences are "necessary to protect the public from future crime or to punish the offender and [the trial court must also determine] that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public." R.C. 2929.14(E)(4). Specifically, in making these determinations, the trial court must "`consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both.'" Comer at ¶ 11, quoting R.C. 2929.11(A).
 {¶ 40} In addition to the above, R.C. 2929.14(E)(4) mandates that a trial court must find any one of the following factors to impose consecutive sentences: "(a) the offender was awaiting trial or sentencing or was under community control sanction, (b) the harm caused by the offenses was so great or unusual that a single prison term would not adequately reflect the seriousness of the offender's conduct, or (c) in light of the offender's history of criminal conduct, consecutive sentences are necessary to protect the public from future crime." Earle at ¶ 6. See, also, Comer at ¶ 13, fn.1.
 {¶ 41} Further, R.C. 2929.19(B)(2)(c) requires a trial court to explain on the record at the sentencing hearing its reasons for imposing of consecutive sentences.
 {¶ 42} This reviewing court cannot "reverse a sentence unless an appellant demonstrates the trial court was statutorily incorrect or that it abused its discretion by failing to consider the requisite sentencing factors." Earle at ¶ 5.
 {¶ 43} In the instant case, we cannot conclude that the trial court abused its discretion by imposing consecutive sentences. The trial court complied with the dictates of R.C. 2929.14, R.C.2929.19, and Comer. Further, the trial court's findings are supported by the record. For the reasons set forth below, appellant's second assignment of error is without merit.
 {¶ 44} The trial court found on the record at the December 18, 2002 re-sentencing hearing that consecutive sentences were necessary to protect the public from future crime by appellant and to punish appellant and that consecutive sentences were not disproportionate to appellant's conduct and the danger he posed to the public. At that time, the trial court also made not just one but all three of the statutorily mandated findings required by R.C. 2929.14(E)(4) and explained its reasons for these findings as mandated by R.C. 2929.10(B)(2)(c). The trial court therefore complied with R.C. 2929.14 and R.C. 2929.19. Because the trial court stated these findings on the record at the re-sentencing hearing, the trial court also satisfied Comer.
 {¶ 45} Appellant does not dispute that the trial court complied with the statutory requirements and Comer but instead argues the trial court failed to consider alleged mitigating factors. According to R.C. 2929.12(C), a trial court must consider those factors making an offense less serious when sentencing a defendant. The mitigating factors appellant alleges the trial court did not consider are: (1) his young age and troubled childhood history; (2) that he was not the principal offender; (3) the absence of any meaningful treatment; and (4) his participation in a substance abuse program.
 {¶ 46} The same judge presided over the first sentencing hearing and the re-sentencing hearing. These alleged mitigating factors were contained in the pre-sentence report which the trial judge stated, on the record at the May 3, 2001 sentencing hearing, that he reviewed. At that hearing, the trial court stated, pursuant to R.C. 2929.12(C), "I find no factors that make this crime less serious." It is within the trial judge's discretion to determine that no alleged mitigating factors render appellant's offense less serious.
 {¶ 47} Again, the same judge presided during the first and second sentencing hearings and, thus, there is no indication from the record that the trial judge failed to consider or properly weigh these mitigating factors when re-sentencing appellant. Further, neither R.C. 2929.14, R.C. 2929.19, nor Comer requires a trial court to make findings on the record under R.C.2929.12(C). A trial court is only required to consider
mitigating factors, and there is no indication that the trial court failed to consider or properly weigh these mitigating factors when re-sentencing appellant. Appellant's second assignment of error is without merit.
 {¶ 48} While we believe appellant's sentence is harsh, the trial court complied with the mandates outlined by R.C.2929.14(E)(4), R.C. 2929.19, and Comer. Accordingly, appellant's first and second assignments of error are not well-taken. We hereby affirm the trial court's judgment.
Ford, P.J., O'Neill, J., concur.
[1] The record does not suggest that appellant was involved with stealing the car; however, his use of the car formed the basis of the receiving stolen property charge.
[2] {¶ a} Appellant's appellate brief states that his motion to withdraw his plea cited two bases for his motion: (1) ineffective assistance of trial counsel for failing to appeal the denial of his motion to suppress and (2) an allegation that trial counsel coerced him into pleading no contest. In fact, no
mention of the ineffective assistance claim was made in appellant's motion or the brief in support of the motion, as appellant erroneously contends.
{¶ b} Some of the facts are revealed in the transcript of the December 18, 2002 re-sentencing hearing. Prior to speaking on the record, it appears that appellant's new counsel asked the trial court, in chambers, to appoint separate counsel to pursue a "claim" by appellant against his former counsel for ineffective assistance based on appellant's former counsel's failure to pursue the denial of appellant's motion to suppress. The trial court did not believe it was necessary to appoint separate counsel for the motion, and appellant's new counsel did not amend the motion to include ineffective assistance of counsel as a basis for appellant's motion. No claim for ineffective assistance appears in the record, and such is only mentioned at the December 18, 2002 re-sentencing hearing and in appellant's appellate brief.
{¶ c} This appeal focuses on the trial court's denial of appellant's motion to withdraw his plea, and we are not permitted to entertain any arguments in support of appellant's motion which were not put in front of the trial court in the motion in question. Thus, we disregard appellant's argument that he should have been granted an evidentiary hearing on his motion and that he was denied opportunity to meet his burden of proof on his ineffective assistance of counsel claim.