MEMORANDUM OPINION
{¶ 1} On August 11, 2005, appellant, Willie Dentigance, filed a notice of appeal with this court from a July 26, 2005 judgment of the Portage County Court of Common Pleas.
 {¶ 2} In the July 26, 2005 judgment entry, the trial court denied appellant's motion to have the judge voluntarily disqualify herself from sitting on the case. It is from that entry that appellant filed his notice of appeal on August 11, 2005.
 {¶ 3} On August 19, 2005, appellee filed a motion to dismiss the appeal. In that motion, appellee claims that this court does not have authority over the subject matter of this appeal. Specifically, appellee's motion asserts that appellant filed an appeal from the denial of his motion to have a judge voluntarily disqualify herself from sitting on a case because the judge was also assigned to a criminal matter involving appellant. Appellee alleges that this court is without authority to pass upon disqualification.
 {¶ 4} This court has held that "[i]f a party believes that a judge is biased and should not preside over a case, the burden is on that party to file an affidavit of disqualification with the Supreme Court of Ohio."State v. Pearson, 11th Dist. Nos. 2002-G-2413 and 2002-G-2414, 2003-Ohio-6962, at ¶ 20. Furthermore, the Supreme Court of Ohio has stated in Beer v. Griffith (1978), 54 Ohio St.2d 440, 441-442, that:
 {¶ 5} "Authority to pass upon the disqualification of a judge of the Court of Common Pleas is vested in the Chief Justice under Section 5(C) of Article IV of the Ohio Constitution, which reads as follows:
 {¶ 6} "`The chief justice of the supreme court or any judge of that court designated by him shall pass upon the disqualification of any judge of the courts of appeals or courts of common pleas or division thereof. Rules may be adopted to provide for the hearing of disqualification matters involving judges of courts established by law.'
 {¶ 7} "Since only the Chief Justice or his designee may hear disqualification matters, the Court of Appeals was without authority topass upon disqualification or to void the judgment of the trial court uponthat basis. Although a judge would be without power to hear and determine a cause after disqualification, his judgment, however erroneous, before disqualification is not void. * * *" (Emphasis added) (Footnotes omitted).
 {¶ 8} See, also, R.C. 2701.03 which statutorily reaffirms the authority of the chief justice of the Supreme Court, or any judge of the Supreme Court designated by him, to pass upon the disqualification of the judge pursuant to Section 5(C) of Article IV of the Ohio Constitution. An appellate court is without authority to pass upon issues of disqualification or to void a judgment on the basis that it resulted from judicial bias.
 {¶ 9} In the case sub judice, appellant requests that this court determine that the trial judge improperly refused to disqualify herself. However, this court has no authority to make such a determination. Appellant has provided us with no indication that he pursued a proper recusal request per R.C. 2701.03. Therefore, we are therefore without jurisdiction over this appeal.
 {¶ 10} Based upon the foregoing analysis, appellee's motion to dismiss is granted, and this appeal is dismissed due to lack of jurisdiction.
 {¶ 11} Appeal dismissed.
Ford, P.J., O'Neill, J., concur.