OPINION
{¶ 1} Appellant, Christopher G. Mack, appeals from a judgment entry of the Portage County Court of Common Pleas, denying his post-sentence motion to withdraw his guilty plea. For the reasons that follow, we affirm.
 {¶ 2} On July 18, 2002, the Portage County Grand Jury indicted appellant on one count of aggravated burglary, a first degree felony in violation of R.C. 2911.11(A)(2)(B). This count included a firearm specification. At his arraignment, appellant pleaded not guilty to the foregoing count.
 {¶ 3} On June 10, 2003, appellant entered a written guilty plea to the count of aggravated burglary, without the gun specification. Appellant's written guilty plea stated that he had been fully informed of the effect and consequences of his guilty plea. In addition, his written guilty plea acknowledged that his plea could result in a maximum prison term of ten years and that his plea was knowing and voluntary.
 {¶ 4} Following a guilty plea hearing, the trial court accepted appellant's plea. Prior to sentencing, appellant moved to withdraw his guilty plea on July 21, 2003. Appellant maintained that his guilty plea was made upon the mistaken belief that he would be eligible for judicial release within six months of the commencement of his prison term. However, following his guilty plea, appellant allegedly determined that he was not eligible for judicial release until four and a half years of his prison term had been served. Appellant contended that this material misunderstanding required a withdrawal of his plea.
 {¶ 5} The trial court held a hearing on appellant's pre-sentence motion to withdraw. Following the hearing, the court denied his pre-sentence motion to withdraw. On October 27, 2003, the court sentenced appellant to a five-year prison term.
 {¶ 6} Appellant filed a pro se motion for reduction of sentence on June 24, 2004. The court ultimately denied appellant's motion for sentencing relief.
 {¶ 7} On March 9, 2005, appellant filed another motion to withdraw his guilty plea. Again, appellant's post-sentence motion to withdraw maintained that his misunderstanding as to his eligibility for judicial release required a withdrawal of his guilty plea. Attached to the post-sentence motion to withdraw was appellant's affidavit and the affidavits of appellant's wife, appellant's mother, and a family friend. The affidavits attested that appellant pleaded guilty based upon his counsel's erroneous suggestion that he would be eligible for judicial release within serving six months of his prison term.
 {¶ 8} Without a hearing, the trial court denied appellant's post-sentence motion to withdraw his guilty plea. From this judgment, appellant filed a timely notice of appeal and now sets forth the following two assignments of error:
 {¶ 9} "[1.] The trial court erred to the prejudice of defendant by overruling defendant's motion to withdraw his guilty plea.
 {¶ 10} "[2.] The trial court erred to the prejudice of defendant-appellant, by refusing to hold a hearing."
 {¶ 11} Under his first assignment of error, appellant argues that the trial court erred in denying his post-sentence motion to withdraw his guilty plea. In support of this argument, appellant maintains that he received ineffective assistance of counsel, based upon counsel misinforming him that he would be eligible for judicial release within serving six months of his prison term. Appellant concludes that, as a result of this ineffective assistance, his guilty plea was neither knowing nor voluntary and should have been withdrawn.
 {¶ 12} At the outset, we note that appellant's arguments on appeal are barred by the doctrine of res judicata. "Res judicata bars claims raised in a Crim.R. 32.1 post-sentence motion to withdraw guilty plea that were raised or could have been raised in a prior proceeding." State v. McDonald, 11th Dist. No. 2003-L-155, 2004-Ohio-6332, at ¶ 22. In McDonald, we determined that the defendant's post-sentence motion to withdraw was based upon the same facts; presented the same issues; and sought the same relief as his pre-sentence motion to withdraw. Id. Thus, we held that the trial court's denial of the defendant's pre-sentence motion to withdraw was an adjudication on the merits of his claims, and his failure to file a direct appeal from this adjudication resulted in the application of res judicata to bar his post-sentence claims. Id.
 {¶ 13} Here, appellant's post-sentence motion to withdraw is predicated upon the same issue and argument that was adjudicated as part of his pre-sentence motion to withdraw; specifically, whether appellant's misunderstanding with respect to his judicial release eligibility acted to invalidate his guilty plea. Although appellant frames his post-sentence claim as ineffective assistance of counsel, the issue and argument made by appellant are identical to the issue and argument made in his pre-sentence motion. Moreover, absent from the record is any evidence that appellant was precluded from obtaining or presenting the post-sentence affidavits with his pre-sentence motion to withdraw.
 {¶ 14} By raising the same issue as part of his post-sentence motion to withdraw, appellant attempted to re-litigate the same substantive matter. "Res judicata prevents the re-litigation of issues already decided." McDonald at fn. 3. Thus, appellant's claim set forth under his post-sentence motion to withdraw is barred by the doctrine of res judicata, and appellant's first assignment of error is without merit.
 {¶ 15} Even assuming that res judicata does not apply, appellant's argument on appeal still fails. To withdraw a guilty plea after sentencing has taken place, a defendant must show that the withdrawal is necessary to correct a manifest injustice. Crim.R. 32.1. See, also, State v. Glenn, 11th Dist. No. 2003-L-022, 2004-Ohio-2917, at ¶ 26. The defendant bears the burden of establishing the existence of a manifest injustice. Id.
 {¶ 16} The trial court is vested with the sound discretion to grant or deny a post-sentence motion for withdrawal of a guilty plea. State v. Pearson, 11th Dist. Nos. 2002-G-2413 and 2002-G-2414, 2003-Ohio-6962, at ¶ 7. Accordingly, our review of the trial court's denial of a post-sentence motion to withdraw a guilty plea is limited to a determination of whether the lower court abused its discretion. Glenn at ¶ 27. An abuse of discretion connotes more than an error of law or judgment; rather, it implies the trial court's attitude was unreasonable, arbitrary, or unconscionable. State v. Adams (1980),62 Ohio St.2d 151, 157.
 {¶ 17} Appellant has failed to provide us with a transcript of the guilty plea hearing or a transcript of the pre-sentence motion to withdraw hearing. Without a transcript, this court must presume the regularity of the change of plea hearing. Glenn at ¶ 33; Pearson at ¶ 11.
 {¶ 18} The transcript of the guilty plea hearing is necessary to determine whether, based upon the change of plea colloquy, appellant fully understood the nature and consequences of his guilty plea. Glenn at ¶ 33. "The basic premise behind the guilty plea colloquy engaged in between the court and an accused is that the accused is entitled to all relevant information that would have a bearing on the decision to plead guilty." State v.Cvijetinovic, 8th Dist. No. 81534, 2003-Ohio-563, at ¶ 6. In short, the guilty plea hearing transcript affords the reviewing court an opportunity to evaluate whether the defendant's guilty plea was knowing and voluntary, and whether a manifest injustice occurred. Id. See, also, Glenn; Pearson.
 {¶ 19} Because a transcript of the guilty plea hearing is not available, we cannot adequately determine whether appellant fully understood the sentencing consequences of his guilty plea, or what effect the alleged misinformation would have had on his guilty plea. As a result, we cannot conclude that a manifest injustice has occurred. For this additional reason, appellant's first assignment of error is without merit.
 {¶ 20} Under his second assignment of error, appellant contends that the trial court's failure to hold a hearing on his post-sentence motion to withdraw his guilty plea represents an abuse of discretion. Appellant maintains that his claim of ineffective assistance of counsel, standing alone, required a hearing. We disagree.
 {¶ 21} "[A] trial court is not required to conduct a hearing on every postsentence motion to withdraw a guilty plea."Pearson at ¶ 8, citing State v. Kerns (July 14, 2000), 11th Dist. No. 99-T-0106, 2000 Ohio App. LEXIS 3202, at 5-6. A hearing is not required if the claims, as alleged by the defendant, would not require the withdrawal of the guilty plea. State v. Blatnik
(1984), 17 Ohio App.3d 201, 204.
 {¶ 22} As stated previously, appellant's claim under his post-sentence motion to withdraw was barred by the doctrine of res judicata. Therefore, a hearing was not required because res judicata precluded a withdrawal of appellant's guilty plea. Appellant's second assignment of error is without merit.
 {¶ 23} Moreover, generally, alleged ineffective assistance of counsel due to "erroneous speculation * * * is not sufficient to warrant a withdrawal of a guilty plea." Pearson at ¶ 9, citingBlatnik at 203. This court has consistently recognized that "[t]he mere fact that, if not for the alleged ineffective assistance of counsel, the defendant would not have entered a guilty plea is not sufficient to establish the requisite connection between the guilty plea and the ineffective assistance." (Emphasis sic.) State v. Madeline (Mar. 22, 2002), 11th Dist. No. 2000-T-0156, 2002 Ohio App. LEXIS 1348, at 10. See, also, Pearson at ¶ 9. Accordingly, a claim of ineffective assistance of counsel does not, by itself, render a guilty plea not knowing or voluntary. Id.
 {¶ 24} Here, appellant claims that he received ineffective assistance based upon his counsel misinforming him as to when he would be eligible for judicial release. In support of this claim, appellant presented affidavits of friends and family members attesting that he would not have pleaded guilty had he not been misinformed.
 {¶ 25} Again, without a transcript of the guilty plea hearing, it is impossible for this court to ascertain whether appellant's plea was knowing and voluntary, or what effect this misinformation would have had on his plea. The absence of the plea hearing transcript precluded the trial court from fully evaluating appellant's claim and determining whether a hearing was necessary. Also, appellant's failure to file the transcript of the pre-sentence withdrawal hearing further precluded an evaluation of this matter.
 {¶ 26} In conclusion, appellant's post-sentence motion to withdraw did not require a hearing. See, e.g., Pearson, (The defendant's claim of ineffective assistance of counsel, in conjunction with his failure to file a transcript of his guilty plea hearing, did not mandate a hearing on his motion to withdraw his guilty plea.). For this additional reason, appellant's second assignment of error is without merit.
 {¶ 27} Based upon the foregoing analysis, appellant's first and second assignments of error are without merit. We hereby affirm the trial court's denial of appellant's post-sentence motion to withdraw.
Rice, J., concurs, O'Toole, J., dissents.