[Cite as *State v. Rembert*, 2017-Ohio-1173.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| | | No. 16AP-543 |
| Plaintiff-Appellee, | : | (C.P.C. No. 10CR-4979) |
| | | No. 16AP-544 |
| v. | : | (C.P.C. No. 11CR-1086) |
| | | |
| Albert L. Rembert, | : | (REGULAR CALENDAR) |
| | | |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on March 30, 2017

**On brief:** *Ron O'Brien*, Prosecuting Attorney, and *Laura R. Swisher*, for appellee.

**On brief:** *Albert L. Rembert*, pro se.

APPEALS from the Franklin County Court of Common Pleas

BROWN, J.

{¶ 1} In these consolidated appeals, defendant-appellant, Albert L. Rembert, appeals from a judgment of the Franklin County Court of Common Pleas denying his post-sentence motions to withdraw guilty pleas in common pleas case Nos. 10CR-4979 and 11CR-1086.

{¶ 2} On August 24, 2010, appellant was indicted on one count of felonious assault in case No. 10CR-4979. On February 25, 2011, appellant was indicted on two counts of intimidation of a crime victim or witness in case No. 11CR-1086.

{¶ 3} On June 9, 2011, appellant entered an "Alford" plea of guilty in case No. 10CR-4979 to one count of felonious assault. By entry filed June 14, 2011, the trial court imposed a period of community control for five years, and sentenced appellant to 65 days

in the Franklin County Correction Center.  Also on June 9, 2011, appellant entered an Alford plea of guilty in case No. 11CR-1086 to one count of intimidation of a crime victim or witness.  The trial court imposed a sentence of five years community control.  At the time he entered his Alford pleas, appellant was on parole for an aggravated murder conviction in Cuyahoga County.

{¶ 4}  On July 19, 2011, appellant filed a pro se motion to withdraw his Alford plea in case No. 10CR-4979.  On July 3, 2013, appellant filed a motion for transcript.  Plaintiff-appellee, State of Ohio, subsequently filed a memorandum contra appellant's motion for production of documents on grounds that appellant had no appeal or post-conviction matters pending.  By entry filed July 31, 2013, the trial court denied appellant's motion to withdraw his Alford plea, and also denied appellant's motion for transcript.

{¶ 5}  On January 21, 2015, appellant filed a motion requesting leave to file a delayed appeal from the trial court's judgment entry of June 14, 2011 in case No. 10CR-4979.  On March 5, 2015, this court denied appellant's motion for leave to file a delayed appeal.  *State v. Rembert*, 10th Dist. No. 15AP-47 (Mar. 5, 2015) (memorandum decision).

{¶ 6}  On June 2, 2016, appellant filed motions to withdraw his guilty pleas, pursuant to Crim.R. 32.1, in case Nos. 10CR-4979 and 11CR-1086. In those motions, appellant asserted in part that he "was made promises from the bench and from counsel to accept the offer made by the court to settle this case which were not kept which violates US Supreme Court jurisprudence * * * and this defendant's constitutional right to the due process of law and a fair trial."  On June 15, 2016, the state filed a memorandum contra appellant's motions to withdraw guilty pleas.  By entry filed July 6, 2016, the trial court denied appellant's motions to withdraw his guilty pleas, finding he had failed to establish manifest injustice or ineffective assistance of counsel.

{¶ 7}  On appeal, appellant sets forth the following four assignments of error for this court's review:

> FIRST ASSIGNMENT OF ERROR:
>
> The trial court erred in not granting withdrawal of the plea as it is unconstitutional being that it is not or was not knowingly, intelligently and voluntarily made as the promises made from the bench to induce that plea were simply not kept as required by U.S. Supreme Court jurisprudence in Sant[o]bello which violates this appellant's right to the due process of law and a

fair trial under the 5th and 14th amendments of the U.S. Constitution and equivalent Articles and Sections of the Ohio Constitution.

SECOND ASSIGNMENT OF ERROR:

The trial court erred by not granting vacation of the plea due to ineffective assistance of counsel in violation of this appellant's constitutional rights protected by the 5th, 6th, and 14th amendments of the U.S. Constitution and the equivalent Articles and Sections of the Ohio Constitution.

THIRD ASSIGNMENT OF ERROR:

The trial court erred in not conducting an evidentiary hearing on this matter as the facts, when proven true, clearly would entitle this appellant to the relief sought and prove his plea is unconstitutional all of which violates the 5th and 14th amendments of the U.S. Constitution and the equivalent Articles and Sections of the Ohio Constitution.

FOURTH ASSIGNMENT OF ERROR:

The trial court erred and so did this court in not reviewing the 6-9-2011 transcripts which violates this appellant's rights to a fair trial and the due process of law protected by the 5th and 14th amendments of the U.S. Constitution and the equivalent Articles and Sections of the Ohio Constitution.

{¶ 8} Appellant's assignments of error are interrelated and will be considered together. Under these assignments of error, appellant argues that the trial court erred in: (1) failing to grant his motions to withdraw guilty pleas, (2) not granting vacation of his pleas due to ineffective assistance of counsel, (3) not granting an evidentiary hearing on his motions to withdraw, and (4) not reviewing the June 9, 2011 transcript of the plea proceedings.

{¶ 9} Crim.R. 32.1 states: "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." Accordingly, "[a]fter a defendant has been sentenced, a court may permit withdrawal of a plea only to correct a manifest injustice." *State v. Caraballo,*

17 Ohio St.3d 66, 67 (1985).  Further, "[t]he burden of establishing the existence of such injustice is upon the defendant."  *Id.*

{¶ 10}  Under Ohio law, "[a] trial court is vested with the sound discretion to grant or deny a post-sentence motion for withdrawal of a plea."  *State v. Glenn*, 11th Dist. No. 2003-L-022 , 2004-Ohio-2917, ¶ 27.  Thus, this court's review of a trial court's denial of a motion to withdraw a guilty plea "is limited to a determination of whether the trial court abused its discretion."  *Id.* at ¶ 28.

{¶ 11}  Under his first assignment of error, appellant asserts the trial court erred in failing to grant his motions to withdraw guilty pleas in case Nos. 10CR-4979 and 11CR-1086.  According to appellant, at the time of the 2011 plea proceedings, the trial court erroneously informed him that the entry of his guilty pleas would not result in a parole violation.   Appellant contends that the state and the Ohio Adult Parole Authority subsequently breached promises made by the trial court, in violation of *Santobello v. New York,* 404 U.S. 257 (1971).

{¶ 12}  As noted by the state, however, while appellant claims the trial court made assurances during the plea proceedings that entering his pleas would not result in a parole violation, appellant failed to attach a copy of the transcript of the plea hearing to his motions to withdraw.  Correspondingly, the record on appeal does not contain a transcript of the plea proceedings.

{¶ 13}  In the absence of a transcript, "this court must presume the regularity of the hearing."  *State v. Smith*, 11th Dist. No. 2007-T-0076, 2008-Ohio-1501, ¶ 20.  Where the transcript of the guilty plea hearing is not available, a reviewing court "cannot adequately determine whether appellant fully understood the sentencing consequences of his guilty plea, or what effect the alleged misinformation would have had on his guilty plea," and therefore the court "cannot conclude that a manifest injustice has occurred."  *State v. Mack,* 11th Dist. No. 2005-P-0033, 2006-Ohio-1694, ¶ 19.

{¶ 14}  Furthermore, while the plea forms and the judgment entries are part of the record on appeal, nothing in those documents supports appellant's claim of a promise.  In denying the motions to withdraw, the trial court noted appellant's assertions that his guilty pleas were not knowingly, intelligently, and voluntarily made "are directly refuted by the Guilty Plea forms, personally signed by [appellant] on June 9, 2011, and by the

Court's Sentencing Entries, filed June 14, 2011." (July 6, 2016 Entry at 2.)   On review of the record on appeal, we conclude that the trial court did not err in finding appellant failed to establish a manifest injustice warranting the withdrawal of his guilty pleas.

{¶ 15} Appellant also contends his trial counsel was ineffective in bringing him the purported offer inducing his guilty pleas.  In his motions to withdraw, appellant asserted his counsel assured him that acceptance of the plea offer "would not land him in prison."

{¶ 16} A licensed attorney "is presumed to have rendered effective assistance to a defendant." *State v. Madeline,* 11th Dist. No. 2000-T-0156 (Mar. 22, 2002), citing *State v. Smith*, 17 Ohio St.3d 98, 100 (1985).  In the context of a guilty plea conviction, in order to demonstrate ineffective assistance of trial counsel, a defendant must show that: "(1) counsel's performance was deficient[,] and (2) the defendant was prejudiced by the deficient performance in that there is a reasonable probability that, but for counsel's error(s), the defendant would not have pled guilty." *Id.,* citing *State v. Desellems,* 11th Dist. No. 98-L-053 (Feb. 12, 1999), citing *Hill v. Lockhart*, 474 U.S. 52 (1985).  The defendant carries the burden of proving ineffective assistance of counsel.  *Id.*

{¶ 17} This court's review of appellant's ineffective assistance of counsel claim is limited to matters that appear in the record.  Again, in the absence of a transcript, a reviewing court cannot "ascertain whether appellant's plea was knowing and voluntary," or what effect any purported "misinformation would have had on his plea." *Mack* at ¶ 25.  As appellant has not set forth evidentiary materials supporting his claim of a promise with respect to the pleas, he has similarly failed to present supporting materials demonstrating that his counsel's purported failure to act to enforce such promise constituted deficient performance or that he was prejudiced thereby.  In sum, there is nothing in the record to support appellant's claim of ineffective assistance of counsel, and the trial court did not err in ruling on this claim.

{¶ 18} Appellant also contends the trial court erred in failing to review the transcript of the plea hearing prior to ruling on the motions to withdraw.  As noted previously, however, appellant did not attach a copy of the transcript to his motions to withdraw, and has demonstrated no error by the trial court in failing to review materials he submitted in support of the motions.  Nor, we note, would a trial court's failure to review a transcript mandate reversal. *See State v. Gibson,* 11th Dist. No. 2001-T-0094,

2002-Ohio-3153, ¶ 12 (Noting the appellant cited no authority requiring a trial court to review transcripts when considering a motion to withdraw, pursuant to Crim.R. 32.1, and finding that "even if the trial court failed to review the transcripts of the guilty plea hearing, such a failure would not constitute reversible error.").

{¶ 19} Appellant also asserts the trial court erred in failing to conduct a hearing on the motions to withdraw. We disagree.

{¶ 20} Under Ohio law, "[a] trial court is not automatically required to hold a hearing on a post-sentence motion to withdraw a guilty plea." *State v. Walsh,* 5th Dist. No. 14-CA-110, 2015-Ohio-4135, ¶ 24, citing *State v. Spivakov*, 10th Dist. No. 13AP-32, 2013-Ohio-3343. Rather, "[a] hearing must only be held if the facts alleged by the defendant, accepted as true, would require that the defendant be allowed to withdraw the plea." *Id.* In this respect, "a movant must establish a reasonable likelihood that the withdrawal is necessary to correct a manifest injustice before a hearing is required." *State v. Whitmore,* 2d Dist. No. 06-CA-50, 2008-Ohio-2226, ¶ 11. In general, "a self-serving affidavit or statement is insufficient to demonstrate manifest injustice," and "a hearing is not required if the record indicates that the movant is not entitled to relief and the movant has failed to submit evidentiary documents sufficient to demonstrate a manifest injustice." *Walsh* at ¶ 24. Thus, "[w]here the defendant fails to 'carry his burden of presenting facts from the record or supplied through affidavit that establish manifest injustice or warrant a hearing,' we are not required to permit withdrawal of the plea or to hold a hearing." *State v. Muhumed*, 10th Dist. No. 11AP-1001, 2012-Ohio-6155, ¶ 47, quoting *State v. Garcia*, 10th Dist. No. 08AP-224, 2008-Ohio-6421, ¶ 15. *See also State v. Mays,* 174 Ohio App.3d 681, 2008-Ohio-128, ¶ 6 (8th Dist.) ("A trial court need not hold an evidentiary hearing on a post-sentence motion to withdraw a guilty plea if the record indicates the movant is not entitled to relief and the movant has failed to submit evidentiary documents sufficient to demonstrate a manifest injustice.").

{¶ 21} Here, in the absence of a transcript, and where appellant failed to establish a reasonable likelihood that the withdrawal of his plea was necessary to correct a manifest injustice, the trial court did not err in denying his motions to withdraw without conducting a hearing. *See, e.g., State v. Patterson,* 5th Dist. No. 2003CA00135, 2004-Ohio-1569, ¶ 19 (trial court did not abuse its discretion in denying appellant's motion to

withdraw plea without a hearing where appellant failed to file transcript of plea hearing and reviewing court had no choice but to presume regularity of proceedings); *Mack* at ¶ 25 (absence of plea hearing transcript precluded trial court from fully evaluating appellant's ineffective assistance of counsel claim and determining whether a hearing on motion to withdraw was necessary).

{¶ 22} Based on the foregoing, appellant's four assignments of error are without merit and are overruled, and the judgment of the Franklin County Court of Common Pleas is hereby affirmed.

*Judgment affirmed.*

SADLER & LUPER SCHUSTER, JJ., concur.

_____