OPINION
{¶ 1} The following appeal has been submitted on the record and the briefs of the parties. Appellant, Village of Chagrin Falls, appeals from a judgment entry of the Geauga County Court of Common Pleas, denying its petition for annexation in favor of appellees, Geauga County Board of Commissioners ("the Commissioners") and the Bainbridge Township Board of Trustees ("the Trustees"). For the reasons that follow, we affirm.
 {¶ 2} By way of background, appellant is the owner of 182.264 acres of land located in Bainbridge Township, Geauga County, Ohio. The 182.264 acres is situated within a district that is zoned for single-family dwellings. Located upon the real estate are a two-million gallon reservoir, the Chagrin Falls Police Department's radio communications tower, baseball fields, soccer/lacrosse fields, and a National Guard Armory.
 {¶ 3} In an attempt to develop the acreage for park and recreational uses, appellant, on June 7, 1995, submitted an application for a conditional use zoning certificate to install baseball fields and soccer/lacrosse fields. The Bainbridge Board of Zoning Appeals granted the requested conditional zoning certificate and set forth the various conditions for appellant's compliance. Construction of the ball fields, however, was delayed.
 {¶ 4} To further develop the real estate, appellant sought to lease 122 acres of the land to the Geauga County Park District for additional park use. In June 1998, by way of ordinance, the lease was authorized by Bainbridge Township.
 {¶ 5} Shortly thereafter, in July 1998, appellant filed a petition for annexation with the Commissioners to annex the 182.264 acres. Appellant's request to annex the land was made with the expectation of enabling appellant to better conform the 182.264 acres for further park and recreational uses. The Commissioners scheduled a hearing on the petition for annexation for October 27, 1998.
 {¶ 6} Prior to the hearing, on August 24, 1998, the previously authorized lease was executed by appellant and the Geauga County Park District. The duration of the lease was fifty years. Also, on September 17, 1998, the Bainbridge Township Board of Zoning Appeals heard appellant's request to reduce a 400-foot setback for the ball fields, which was a requirement of the 1995 conditional use zoning certificate, to a 200-foot setback. The modification was granted, and the ball fields began construction in compliance with the conditions imposed.
 {¶ 7} On October 27, 1998, the Commissioners held a full evidentiary hearing on appellant's petition for annexation. During the hearing, testimony regarding the condition of the 182.264 acres was presented. The testimony included evidence relating to the status of the fifty-year lease and the construction of the ball fields.
 {¶ 8} On January 20, 1999, appellant sent a notice to withdraw its petition for annexation. The following day, the Commissioners rejected the withdrawal because an evidentiary hearing had already been held. The Commissioners then voted to deny appellant's petition for annexation. Appellant did not appeal the Commissioners' denial of the petition.
 {¶ 9} Between July 1998 and April 2000, appellant and Bainbridge Township Representatives negotiated possible amendments to the Bainbridge Township Zoning Resolution. The negotiations were a further attempt by appellant to develop the land for additional recreational and park uses. The negotiations failed to result in a zoning amendment that was acceptable to both appellant and Bainbridge Township.
 {¶ 10} On May 8, 2000, Bainbridge Township's Zoning Inspector informed appellant that it was not in compliance with the 1995 conditional use zoning certificate. As a result, the zoning inspector notified appellant that the certificate had been revoked and declared null and void. The zoning inspector subsequently withdrew the revocation and the certificate was modified by agreement.
 {¶ 11} On March 15, 2001, appellant filed its second petition to annex the 182.264 acres to the Village of Chagrin Falls. The Commissioners scheduled another evidentiary hearing on the petition for August 1, 2001. Prior to the hearing, the Trustees filed a memorandum of law requesting the dismissal of the petition on the basis of res judicata. Appellant filed a brief in opposition to the Trustees' memorandum of law.
 {¶ 12} At the August 1, 2001 hearing, the Commissioners asked appellant if it had any additional information to submit on the issue of res judicata. Appellant's counsel informed the Commissioners that it had no further information to introduce. The Commissioners then denied appellant's second petition of annexation, without a hearing, on the ground that the petition was barred by the doctrine of res judicata.
 {¶ 13} On August 31, 2001, appellant filed an administrative appeal, pursuant to R.C. Chapter 2506, with the common pleas court. Appellant argued that the Commissioners erred in barring its second petition for annexation on the basis of res judicata. The common pleas court scheduled a hearing to resolve this issue.
 {¶ 14} Following the hearing, the common pleas court issued a decision on August 13, 2003. The court determined that the Commissioners had properly denied appellant's second petition for annexation on the basis of res judicata. Specifically, the court concluded that the doctrine of res judicata was applicable as the Commissioners were acting in a quasi-judicial capacity when they considered and acted upon the first petition for annexation. Furthermore, the court noted that the second petition was based on a claim arising from a nucleus of facts that was the subject matter of the first petition. The court determined that neither the use of the property for sports related activities, nor the modification of the conditional use zoning certificate, nor the execution of the fifty-year lease, represented a "substantial change of circumstances" which would preclude the doctrine of res judicata. Thus, the court affirmed the Commissioners' decision denying appellant's second petition for annexation.
 {¶ 15} From this judgment, appellant filed a timely notice of appeal and now sets forth the following three assignments of error for our review:
 {¶ 16} "[1.] The Trial Court erred when it determined that res judicata applied to bar the Village's March 15, 2001 Annexation Petition.
 {¶ 17} "[2.] The Trial Court erred when it found that there was no change in the facts to bar the application of res judicata.
 {¶ 18} "[3.] The Trial Court erred when it failed to apply the correct statutory framework and determined that the general good of the territory to be annexed would not be served."
 {¶ 19} In response appellees filed the following two cross-assignments of error:
 {¶ 20} "[1.] The trial court erred in determining that the appellant was entitled to present additional evidence on the issue of res judicata.
 {¶ 21} "[2] The trial court erred in allowing appellant to introduce evidence on the issue of whether the good of the territory to be annexed would be served by the annexation."
 {¶ 22} Prior to examining appellant's assignments of error, we will first set forth the appropriate standard of review. The parameters of the common pleas court's reviewing function of an administrative appeal are set forth in R.C. 2506.04. The statute provides:
 {¶ 23} "The [common pleas] court may find that the order, adjudication or decision is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record."
 {¶ 24} Although the common pleas court must give due deference to the administrative resolution of the matter, the agency's findings are not conclusive. Univ. of Cincinnati v.Conrad (1980), 63 Ohio St.2d 108, 111. The common pleas court may engage in a limited weighing of the evidence and may evaluate the credibility of witnesses when determining whether an administrative decision was supported by reliable, probative, and substantial evidence. Lewis v. Ohio Dept. of Human Services
(2000), 137 Ohio App.3d 458, 464. Absent a finding that the agency's decision was supported by such evidence, the court may substitute its judgment for that of the agency by reversing, vacating, or modifying the administrative order. R.C. 119.12.
 {¶ 25} The scope of review for an appellate court is more limited. Akwen, Ltd. v. Ravenna Zoning Bd. of Appeals, 11th Dist. No. 2001-P-0029, 2002-Ohio-1475, 2002 Ohio App. LEXIS 1494, at 9. To affirm the decision of the common pleas court, the appellate court must find that, as a matter of law, it was supported by a preponderance of substantial, reliable, and probative evidence. Id. Unlike the common pleas court, which has the ability to weigh the evidence, an appellate court is limited to reviewing the judgment of the common pleas court strictly on questions of law. Battaglia v. Newbury Twp. Bd. of ZoningAppeals (Dec. 8, 2000), 11th Dist. No. 99-G-2256, 2000 Ohio App. LEXIS 5755, at 7.
 {¶ 26} Under its first assignment of error, appellant maintains that the common pleas court erred in determining that its second petition for annexation was barred by the doctrine of res judicata. The first issue appellant presents for review argues that the Commissioners did not have the authority to reject its notice to withdraw the original petition for annexation. Accordingly, appellant concludes that the Commissioners' denial of the original petition was not a final appealable order and, therefore, res judicata is not applicable. We disagree.
 {¶ 27} Appellant's contention regarding the Commissioners' authority to reject its notice to withdraw the original petition is barred by collateral estoppel. Appellant was required to take a direct appeal of this issue from the original petition.
 {¶ 28} "The doctrine of res judicata involves both claim preclusion (historically called estoppel by judgment in Ohio) and issue preclusion (traditionally known as collateral estoppel)."Grava v. Parkman Twp., 73 Ohio St.3d 379, 380, 1995-Ohio-331. Both theories of res judicata are used to prevent relitigation of issues already decided by a court, or matters that should have been brought as part of a previous action. Lasko v. Gen. MotorsCorp, 11th Dist. No. 2002-T-0143, 2003-Ohio-4103, at ¶ 15. "[A] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claims arising out of the transaction or occurrence that was the subject matter of the previous action." Grava at 382.
 {¶ 29} "`Collateral estoppel, an aspect of res judicata, prevents a question that has been actually and necessarily determined by a court of competent jurisdiction in a first cause of action from being relitigated between the same parties or their privies in a second, different cause of action.'" Lasko
at ¶ 15, quoting Goodson v. McDonough Power Equip., Inc. (1983)2 Ohio St.3d 193, 195. The Supreme Court of Ohio has held that "res judicata, whether [collateral estoppel] or claim preclusion, applies to those administrative proceedings which are `of a judicial nature and where the parties have had an ample opportunity to litigate the issues involved in the proceeding * * *.'" Set Products, Inc. v. Bainbridge Twp. Bd. of ZoningAppeals (1987), 31 Ohio St.3d 260, 263, quoting Superior'sBrand v. Lindley (1980), 62 Ohio St.2d 133.
 {¶ 30} Accordingly, we must determine whether the Commissioners' order denying appellant's original petition was the result of an administrative proceeding which was judicial in nature and a final appealable order. Pursuant to R.C. 307.56, "[a] person aggrieved by the decision of the board of county commissioners may appeal to the court of common pleas, as provided by and under the authority of Chapter 2506 of the Revised Code." The provisions of R.C. 2506.01 allow for the administrative appeal of any "final order adjudication, or decision." A final order, adjudication, or decision is defined as any "order, adjudication, or decision that determines rights, duties, privileges, benefits, or legal relationships of a person * * *." Id.
 {¶ 31} We first note that the Commissioners' order denying appellant's original petition was the result of administrative proceedings that were judicial in nature. Pursuant to R.C.709.32, the Commissioners, during a hearing, heard testimony by various individuals regarding the original petition. The Commissioners also accepted various exhibits for review. After examining the evidence before them, the Commissioners issued a final order. Clearly, the proceedings which resulted in the denial of the original petition represent administrative proceedings that are judicial in nature.
 {¶ 32} Moreover, the Commissioners' denial of appellant's first petition for annexation was a final appealable order as it conclusively determined appellant's right to annex a piece of real estate. Hence, under R.C. 307.56 and R.C. 2506.01, appellant was entitled to submit an administrative appeal of the Commissioners' denial of its original petition.
 {¶ 33} Therefore, collateral estoppel precludes appellant from relitigating this specific issue as part of its second petition for annexation. If appellant wished to challenge the Commissioners' authority to reject its notice to withdraw, it should have done so through a direct appeal from the original petition's denial. This portion of appellant's first assignment of error is not well-taken.
 {¶ 34} Appellant's second issue argues that the doctrine of res judicata is not applicable because the Commissioners were not considered a court of competent jurisdiction and the proceedings held by the Commissioners were not judicial in nature.
 {¶ 35} As mentioned previously, res judicata only applies to administrative proceedings which are judicial in nature. See, e.g., Set Products, Inc. Accordingly, only quasi-judicial proceedings of administrative officers and agencies are appealable under R.C. 2506.01. See, e.g., The M.J. Kelley Co. v.Cleveland (1972), 32 Ohio St.2d 150, 153. "`Proceedings of administrative officers and agencies are not quasi-judicial
where there is no requirement for notice, hearing and the opportunity for introduction of evidence.'" (Emphasis added.) Inre Petition for Annexation of 162.31 Acres (1988),52 Ohio App.3d 8, 13, quoting The M.J. Kelley Co.
 {¶ 36} Pursuant to R.C. 709.031, the Commissioners must provide notice, hearing, and an opportunity for the introduction of evidence when a party files a petition for annexation. R.C.709.32 provides for a public hearing and offers an opportunity for an owner who signed the annexation petition to appear and testify. Thus, in the case at bar, the statutorily mandated formal hearing provided for the original petition was a quasi-judicial proceeding. The fact that the Commissioners were deciding a dispute between two outside parties adds validity to the conclusion that the proceeding was quasi-judicial. See, e.g.,In re Petition for Annexation of 162.31 Acres, at 13. Thus, this portion of appellant's first assignment of error is not well-taken.
 {¶ 37} Appellant's third issue contends that the doctrine of res judicata should not be applied to the case sub judice because such application would result in a manifest injustice. In support of its contention, appellant maintains that it withdrew its original petition for annexation in an effort to negotiate in good faith with the Trustees. Appellant argues that the Trustees would not negotiate unless the original petition was withdrawn and, therefore, appellant was "suckered" into dropping its petition for annexation.
 {¶ 38} As an initial matter, we note that appellant's original petition for annexation was not withdrawn; rather, the Commissioners rejected appellant's notice to withdraw and issued a final appealable order denying such petition. Thus, assuming that appellant was in fact "suckered" into filing its notice to withdraw, there was no resulting prejudice as the Commissioners rejected appellant's attempt to dismiss the original petition.
 {¶ 39} Nevertheless, "[w]hile res judicata does apply to administrative proceedings, it should be applied with flexibility. * * * The doctrine should be qualified or rejected when its application would contravene an overriding public policy or result in manifest injustice." (Citations omitted.) Jacobs v.Teledyne, Inc. (1988), 39 Ohio St.3d 168, 171.
 {¶ 40} Appellant has failed to demonstrate such an overriding public policy or manifest injustice. Evidence of the Trustees' suggestion to negotiate, standing alone, is not sufficient to rise to the preceding standard.
 {¶ 41} In any event, appellant has failed to point to any corroborative evidence to support its contention that it was "suckered" into not pursuing the original petition for annexation. Certainly, the Trustees had the right to limit the use of the 182.264 acres at issue to protect the interests of the surrounding residents of Bainbridge Township. This portion of appellant's first assignment of error is not well-taken.
 {¶ 42} Appellant's first assignment of error is without merit.
 {¶ 43} Under its second assignment of error, appellant argues that the common pleas court erred in determining that there was no substantial change of circumstances sufficient to negate the application of res judicata to appellant's second petition for annexation. In support of its argument, appellant lists numerous alleged substantial changes which relate to the development and use of the real estate; namely, the construction of the ball fields and the execution of the fifty-year lease.
 {¶ 44} The Supreme Court of Ohio has clarified that res judicata will not be applicable if the party attempting to avoid this doctrine can demonstrate "changed circumstances." Grava at 380-381. The Court previously defined the type of "changed circumstances" that were sufficient to negate the doctrine of res judicata, to wit:
 {¶ 45} "Where * * * there has been a change in the facts in a given action which either raises a new material issue, or which would have been relevant to the resolution of a material issue involved in the earlier action, neither the doctrine of res judicata nor the doctrine of collateral estoppel will bar litigation of that issue in the later action." State ex rel.Westchester Estates, Inc. v. Bacon (1980), 61 Ohio St.2d 42, 45. See, also, Lennon v. Neil (2000), 139 Ohio App.3d 437, 445.
 {¶ 46} Thus, to avoid the bar of res judicata, appellant was required to establish a change that raised a new material issue relating to its second petition or a change relevant to the resolution of a material issue involved in the original petition. Appellant has failed to present evidence demonstrating either type of change.
 {¶ 47} As mentioned previously, appellant lists numerous alleged changes which represent substantial changes. However, these changes merely embody the development of the land in accordance with the previous conditions agreed to by both parties. These developmental plans and conditions of development were established prior to the hearing on appellant's original petition. During the original hearing, the Commissioners expressly discussed the already agreed upon recreational and park uses. Cleary, these changes do not raise a new material issue or introduce a change which would have been relevant to the resolution of a material issue involved in the earlier action.
 {¶ 48} Furthermore, the record shows that both the original petition and second petition were the product of the parties' inability to agree upon appropriate zoning regulations. Appellant failed to present any change in the substance of the parties' disagreements with respect to the zoning regulation or any significant change in the zoning of the district which would raise a novel, material issue.
 {¶ 49} Accordingly, appellant has failed to show a substantial change that would negate the application of res judicata. Thus, appellant's second assignment of error is without merit.
 {¶ 50} Under its third assignment of error, appellant argues that because those statutory prerequisites demonstrating that the general good of the territory would be served by annexation have been established, appellant's petition should be granted. More specifically, appellant contends that its petition contained the required statutory provisions of R.C. 709.02.
 {¶ 51} Our determination as to appellant's first two assignments of error has rendered its third assignment of error moot. Our previous analysis concluded that the doctrine of res judicata barred appellant's second petition for annexation. Thus, we are precluded from examining the substance of appellant's second petition to determine whether the appropriate statutory prerequisites have been met. Appellant's third assignment of error is moot.
 {¶ 52} Appellees submitted two cross-assignments of error to counter the possible reversal of the common pleas court's judgment. Because appellees' crossassignments of error merely attempted to defend the trial court's judgment, and did not seek to change the judgment, our affirmance of the trial court's judgment renders appellees' cross-assignments of error moot. App.R. 3(C)(2).
 {¶ 53} Based upon the foregoing analysis, appellant's first and second assignments of error are without merit. Appellant's third assignment of error is moot. Moreover, appellees' two cross-assignments of error are moot. We hereby affirm the judgment of the common pleas court on the basis of res judicata.
Ford, P.J., O'Neill, J., concur.