OPINION
{¶ 1} Appellant, Paul D. McDonald, appeals the trial court's denial of his "motion to vacate or set aside judgment and permit withdraw [sic] of guilty plea pursuant to R.C. 2943.031."
 {¶ 2} On September 26, 1997, appellant, a Canadian citizen, pleaded guilty to three counts of rape. R.C. 2943.031 requires a trial court to give non-citizens notice that a plea of guilty or no contest could result in their deportation from the United States. There is no dispute that the trial court failed to provide appellant with the warning set forth in R.C. 2943.031
during the plea hearing. On May 13, 2002, appellant filed a motion to withdraw his September 26, 1997 guilty pleas pursuant to R.C. 2943.031. On July 16, 2002, the trial court denied appellant's motion.
 {¶ 3} In support of its July 16, 2002 judgment, the court stated appellant was not entitled to the protections of R.C.2943.031 because he failed, at the time of his plea, to provide the trial court with documentation to demonstrate that he is not a citizen of the United States. See, State v. Kutkut (Dec. 6, 2001), 8th Dist. Nos. 78720 and 78721, 2001 Ohio App. LEXIS 5389, 7. Further, the court determined appellant failed to demonstrate prejudice resulting from the court's failure to advise him pursuant to R.C. 2943.031, i.e., appellant failed to show that his plea may result in deportation.[1] In sum, the court concluded, appellant failed to meet his statutory burden. Appellant did not appeal this decision.
 {¶ 4} On March 24, 2003, appellant filed a motion to vacate or set aside judgment and permit withdrawal of his September 26, 1997 guilty pleas pursuant to R.C. 2943.031. Appellant raised substantially similar arguments to those in his May 13, 2002 motion; however, in his 2003 motion, he attached a proper copy of the INS document demonstrating that his rape convictions might result in his deportation.
 {¶ 5} In its September 11, 2003 judgment entry, the trial court denied appellant's March 24, 2003 motion on the basis of res judicata. First, the court reasoned that motions to vacate a conviction or sentence premised upon a constitutional violation are treated as petitions for post-conviction relief. The doctrine of res judicata precludes a defendant from raising, in a petition for post conviction relief, any claims that could have been raised on direct appeal. The court noted that appellant appealed his sentence, but did not raise the issue of his Canadian citizenship in that appeal; hence, the court determined, appellant's motion was barred by res judicata.
 {¶ 6} The court additionally reasoned that appellant's failure to appeal the July 16, 2002 denial of his May 13, 2002 motion to withdraw guilty plea rendered his March 24, 2003 motion void; that is, as res judicata prohibits a party from relitigating an issue already determined by a court, appellant was barred from raising his R.C. 2943.031 argument a second time. Appellant filed a timely appeal of this judgment entry and now raises the following assignment of error for our review:
 {¶ 7} "The trial court erred, as a matter of law, when it denied appellant's `motion to vacate or set aside judgment and permit withdraw [sic] of guilty plea when appellant, a citizen of Canada, was not advised by the court pursuant to R.C. 2943.031, that the effect of his guilty plea may result in his being deported."
 {¶ 8} Before accepting a defendant's plea, R.C. 2943.031
requires the court to recite the following warning:
 {¶ 9} "If you are not a citizen of the United States you are hereby advised that conviction of the offense to which you are now pleading guilty (or no contest, when applicable) may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States." R.C. 2943.031(A).
 {¶ 10} When a court fails to give a non-citizen defendant this notice, the defendant may withdraw his or her plea by filing a motion to withdraw guilty plea. R.C. 2943.031(D). The motion to withdraw guilty plea must demonstrate: (1) the court neglected to provide the defendant with the above advisement; (2) the warning was required; (3) the defendant is not a citizen of the United States; and (4) the offense to which the defendant pleaded guilty may result in the defendant's deportation under the immigration laws of the federal government. Id.
 {¶ 11} In the current matter, appellant contends the trial court improperly applied the doctrine of res judicata to his motion. Appellant contends that his motion was not a collateral attack on his conviction or sentence and therefore cannot be legitimately construed as a petition for post-conviction relief.State v. Bush (2002), 96 Ohio St.3d 235, 2002-Ohio-3993.
 {¶ 12} In Bush, the Supreme Court of Ohio rejected the state's contention that the statutory scheme set forth in R.C.2953.21 and 2953.23, the scheme governing post-conviction relief, provides the exclusive means by which a criminal defendant can raise a constitutional attack on his or her plea. Bush, at ¶ 11. The court distinguished a post-sentence Crim.R. 32.1 motion and a petition for post-conviction relief. In doing so, the court noted a Crim.R. 32.1 motion is not a collateral challenge to the validity of a conviction or a sentence. Rather, it is filed in an underlying criminal case to target the withdrawal of a plea. Thus, the rules governing petitions for post-conviction relief do not govern a Crim.R. 32.1 post-sentence motion to withdraw a guilty plea.
 {¶ 13} In appellant's view, a motion filed pursuant to R.C.2943.031 is functionally equivalent to Crim.R. 32.1 as both address the withdrawal of guilty pleas. Thus, the court erred in applying res judicata to his motion because the application of the doctrine treated his R.C. 2943.031 motion as a petition for post-conviction relief.
 {¶ 14} We do not entirely disagree with appellant's argument. Appellant's motion here is analogous to a Crim.R. 32.1 motion in that it is a post-sentence motion directed at the pleas entered in the underlying case.[2] See, State v. Yuen, 10th Dist. No. 01AP-1410, 2002-Ohio-5083, at ¶ 29. As indicated above, a petition for post-conviction relief seeks vacation or correction of a party's conviction or sentence on the basis that his or her rights have been violated. Bush, supra, at ¶ 12. Thus, the court erred to the extent that it characterized appellant's motion as a petition for post-conviction relief.
 {¶ 15} Moreover, the analogy to Crim.R. 32.1 further indicates that a defendant is not required to appeal his conviction so as to preserve the issue raised in his motion to withdraw. As the Tenth District Court of Appeals succinctly stated in Yuen:
 {¶ 16} "A Crim.R. 32.1 motion is not barred by the failure to appeal the defect in the plea process. Instead, a defendant may appeal, contending the trial court failed to comply with Crim.R. 11, or a defendant may file a motion to withdraw a guilty plea at any time and then timely appeal the trial court's failure to grant the motion." Id. at ¶ 31.
 {¶ 17} In its September 11, 2003 judgment entry the trial court stated:
 {¶ 18} "The doctrine of res judicata precludes a defendant from raising, in a petition for post-conviction relief, any claims that could have been raised on direct appeal. Apart from a few narrow exceptions, issues which have been or should have been raised on direct appeal may not be considered in post-conviction proceedings."
 {¶ 19} The court determined that appellant could have raised his R.C. 2943.031 claim on direct appeal but failed to do so. Based upon this conclusion, the trial court utilized the doctrine of res judicata to bar appellant's motion. As a party is not required to raise an R.C. 2943.031 claim on direct appeal, the trial court erred in drawing the foregoing conclusion.
 {¶ 20} However, the court did not rest solely on its determination that appellant's March 24, 2003 motion was barred because he failed to raise it on direct appeal. Rather, the denial of appellant's motion was also based upon appellant's failure to appeal the court's previous July 16, 2002, judgment entry which adjudicated the same issues raised in the March 24, 2003 motion.
 {¶ 21} The doctrine of res judicata is used to prevent relitigation of issues already decided by a court, or matters that should have been brought as part of a previous action.Village of Chagrin Falls v. Geauga Co. Bd. of Cmmrs., 11th Dist. No. 2003-G-2530, 2004-Ohio-5310, at ¶ 28. A valid final judgment rendered on the merits bars all following actions based upon any claims arising out of the transaction or occurrence that was the subject matter of the previous action. Id. citing, Gravav. Parkman Twp., 73 Ohio St.3d 379, 380, 1995-Ohio-331.
 {¶ 22} Res judicata bars claims raised in a Crim.R. 32.1 post-sentence motion to withdraw guilty plea that were raised or could have been raised in a prior proceeding. State v. Young,
4th Dist. No. 03CA782, 2004-Ohio-2711, at 5. Moreover, res judicata bars R.C. 2943.031 claims where all elements of the statute could have been raised in an earlier proceeding. City ofLakewood v. Shurney, 8th Dist. No. 80885, 2002-Ohio-4789, at ¶ 10. Because the trial court's denial of appellant's first motion to withdraw his guilty pleas was an adjudication on the merits of his claims and was based upon the same facts and sought the same relief as the second motion, the trial court's denial of his first motion operated under res judicata to bar the successive motion. Under the circumstances, we construe the instant motion as a successive motion to withdraw his guilty pleas.[3]
Thus, appellant's motion is barred by res judicata.
 {¶ 23} Appellant's sole assignment of error is without merit. The judgment of the Lake County Court of Common Pleas is therefore affirmed.
O'Neill, J., Grendell, J., concur.
[1] Attached to appellant's initial motion was an "INS Notice to Appear" document giving appellant notice that he may be deported for a domestic violence conviction of which he was convicted in 1989. The notice of possible deportation on the domestic violence conviction neither informed nor supported appellant's motion to withdraw his guilty pleas to the three counts of rape.
[2] We must note, however, that R.C. 2943.031 does differ from Crim.R. 32.1 in that R.C. 2943.031(D) does not vouchsafe the trial court the discretion to determine whether the guilty plea should be vacated. Rather, it requires the plea be vacated in the absence of the required caveat. The language of the statute indicates that the legislature determined the rights at issue in R.C. 2943.031 are so important that no discretion should be given the trial court in vacating a guilty plea when the proper statutory conditions exist.
[3] As suggested above, appellant failed to appeal the denial of his May 13, 2002 motion to withdraw; although appellant styled his March 24, 2003 motion as a "motion to vacate or set aside judgment and permit withdraw of guilty plea pursuant to R.C.2943.031," this motion to vacate is based upon the same contentions as those set forth in his earlier motion. By raising the same issues and arguments appellant was attempting to re-litigate the same substantive matter. Res judicata prevents the re-litigation of issues already decided. Moreover, appellant's nominal "motion to vacate" seems to function as an appeal to the lower court of the issues already decided in its July 16, 2002 judgment entry. The trial court is not an appellate court and a motion to vacate is not a substitute for an appeal.Brick Processors, Inc. v. Culbertson (1981), 2 Ohio App.3d 478,479; see also, Blaine v. Southington Local Schools, 11th Dist. No. 2002-T-0180, 2003-Ohio-6238, at ¶ 13. Therefore, appellant's motion must fail.