[Cite as *State v. Burton*, 2023-Ohio-4370.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## PORTAGE COUNTY

STATE OF OHIO,

    Plaintiff-Appellee,

 - vs -

JERRY T. BURTON,

    Defendant-Appellant.

CASE NO. 2023-P-0010

Criminal Appeal from the
Court of Common Pleas

Trial Court No. 2019 CR 00704

## O P I N I O N

Decided: December 4, 2023
Judgment: Affirmed

*Victor V. Vigluicci*, Portage County Prosecutor, and *Pamela J. Holder*, Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Plaintiff-Appellee).

*Sean P. Martin*, P.O. Box 716, Willoughby, OH 44096 (For Defendant-Appellant).

ROBERT J. PATTON, J.

{¶1} Defendant-appellant, Jerry T. Burton, appeals the denial of his post-sentence motion to withdraw his guilty plea. For the following reasons, we affirm the judgment of the Portage County Court of Common Pleas.

{¶2} On July 31, 2019, the Portage County Grand Jury issued a three-count indictment charging appellant with failure to comply with order or signal of a police officer, a third degree felony, in violation of R.C. 2921.331 (Count One), receiving stolen property, a fourth degree felony, in violation of R.C. 2913.51 (Count Two), and driving under suspension, a first degree misdemeanor, in violation of R.C. 4510.11 (Count Three).

{¶3} As to Count One, the indictment states that on or about June 5, 2019, appellant "did operate a motor vehicle * * * so as willfully to elude or flee a police officer after receiving a visible or audible signal from a police officer to bring his motor vehicle to a stop; and the operation of the motor vehicle by the said Jerry T. Burton caused a substantial risk of serious physical harm to persons or property" in Portage County, Ohio.

{¶4} The indictment as to Count Two provides that on or about June 5, 2019, appellant "did receive, retain or dispose of certain property, being a 2017 Hyundai Elantra, VIN#5NPD74LF9HH112783, the property of another, one Anna M. Langham, * * * Burton knowing or having reasonable cause to believe said property had been obtained through the commission of a theft offense, and the property involved is a motor vehicle * * * " in Portage County, Ohio.

{¶5} Finally, as to Count Three, the indictment states on or about June 5, 2019, appellant did "operate any motor vehicle upon the public highway within the State of Ohio, when [his] driver's license or commercial driver's license or permit or other nonresident driving privileges has been suspended under any provision of the Revised Code * * * or under an applicable law in any other jurisdiction in which the person's license or permit was issued during the period of suspension" in Portage County, Ohio.

{¶6} Appellant initially entered a plea of not guilty at arraignment.

{¶7} On February 12, 2020, a plea hearing was held and a written plea of guilty was executed by appellant. According to the written plea agreement, appellant entered a plea of guilty to Counts One and Two of the indictment. In exchange for his plea, the State dismissed the remaining count, Count Three. The agreement, signed by appellant,

2

detailed the constitutional rights he waived because of his plea and included a description of his appellate rights. A PSI was ordered.

{¶8} The trial court sentenced appellant on June 22, 2020, to 12 months of intensive supervised probation and 48 months of basic probation. He was ordered to complete Thinking for a Change, to continue counseling through Signature Health, and to take prescribed medication. The court imposed a $300.00 fine and suspended appellant's driver's license for seven years. Appellant did not appeal this entry.

{¶9} On November 10, 2020, a motion to revoke/extend probation was filed which alleged that appellant "pled guilty in Lake County Common Pleas Court to Failure to Comply with Order or Signal of Police (F-3); Weapons Under Disability (F-3), and Criminal Damaging or Endangering (M-2)."

{¶10} Appellant appeared before the trial court on a probation violation on January 22, 2021. The assistant prosecuting attorney informed the court below that appellant was sentenced to a five-year sentence on an unrelated conviction in Lake County, Ohio. Appellant admitted the violation. The trial court concluded that "more restrictive sanctions are necessary" and terminated appellant's probation. The trial court sentenced him to 24 months on Count One and 12 months on Count Two and ordered the sentences to be served concurrently to each other but consecutively to the five-year sentence imposed by Lake County in the separate and unrelated case. Appellant did not appeal this entry.

{¶11} On January 17, 2023, appellant filed a pro se motion requesting judicial release. The trial court denied that motion.

3

{¶12} On February 22, 2023, appellant filed a pro se motion to withdraw his guilty plea pursuant to Crim.R. 32.1. Two days later, the trial court denied his motion without hearing. Appellant now appeals.

{¶13} On appeal, appellant raises the following three assignments of error:

[1.] "The trial court abused their discretion by denying appellant's Motion to Withdraw Plea."

[2.] "Trial counsel committed ineffective assistance of counsel of by failing to raise a Double Jeopardy defense."

[3.] "The Appellant's conviction in Portage County violated the Double Jeopardy Clause."

These assignments of errors as presented will be considered jointly.

{¶14} A criminal defendant's plea must be made knowingly, intelligently, and voluntarily. "Failure on any of those points renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution." *State v. Engle*, 74 Ohio St.3d 525, 527, 660 N.E.2d 450 (1996). Crim.R. 11 was enacted and adopted "to ensure compliance with the constitutional mandates." *State v. McDaniel*, 11th Dist. Portage No. 2017-P-0098, 2020-Ohio-7003, ¶ 11. There is a presumption that a plea was knowingly, intelligently, and voluntarily entered when a trial court complies with Crim.R. 11. *State v. Haines*, 11th Dist. Ashtabula No. 2022-A-0106, 2013-Ohio-3016, ¶ 8.

{¶15} "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." Crim.R. 32.1.

4

**{¶16}** This Court noted in *State v. Haines*, 11th Dist. Ashtabula No. 2022-A-0106, 2023-Ohio-3016, ¶ 11:

> "Ohio courts have held that 'manifest injustice relates to some fundamental flaw in the proceedings which result[s] in a miscarriage of justice or is inconsistent with the demands of due process.'" (Citation omitted.) *State v. Bradford*, 8th Dist. Cuyahoga Nos. 110907 et al., 2022-Ohio-1503, ¶ 12; *State v. Jones*, 4th Dist. Gallia No. 19CA9, 2020-Ohio-7037, ¶ 21 ("[a] trial court violates a defendant's due process rights, and hence may produce a manifest injustice, if it accepts a guilty plea that the defendant did not enter knowingly, intelligently, and voluntarily") (citation omitted). Accordingly, "[i]f a defendant shows that he or she did not enter a plea knowingly, intelligently or voluntarily, the defendant may establish a manifest injustice sufficient to warrant withdrawal of the guilty plea under Crim.R. 32.1." (Citation omitted.) *State v. Artuso*, 11th Dist. Ashtabula No. 2022-A-0009, 2022-Ohio-3283, ¶ 21; see also *State v. Garcia*, 11th Dist. Ashtabula No. 2022-A-0066, 2023-Ohio-2446, ¶ 13."

**{¶17}** We review a trial court's decision regarding a motion to withdraw a plea under an abuse-of-discretion standard. *State v. Francis*, 104 Ohio St.3d 490, 2004-Ohio-6894, 820 N.E.2d 355, ¶ 32; *State v. Romero*, 156 Ohio St.3d 468, 2019-Ohio-1839, 129 N.E.3d 404, ¶ 13.

**{¶18}** Appellant asserts that he should be permitted to withdraw his plea on the grounds that his conviction in Portage County violates the double jeopardy clause, and that his trial counsel was ineffective for refusing to raise the claim in the trial court at the time of his plea in February 2020. Appellant's claims are procedurally barred.

**{¶19}** "Motions filed pursuant to Crim.R. 32.1 are subject to the doctrine of res judicata." *State v. Rock*, 11th Dist. Lake No. 2018-L-021, 2018-Ohio-4175, ¶ 9, citing *State v. Gegia*, 11th Dist. Portage No. 2003-P-0026, 2004-Ohio-1441, ¶ 24. "'Thus, "when presented with a motion to withdraw a guilty plea * * *, [trial courts and appellate courts]

5

should consider first whether the claims raised in that motion are barred by res judicata."' [*Gegia*], quoting *State v. Reynolds*, 3d Dist. Putnam No. 12-01-11, 2002-Ohio-2823, ¶ 27." *Rock*, at ¶ 9. "If the claim is not barred by res judicata, courts can then apply the manifest injustice standard in accordance with Crim.R. 32.1." *Id.,* citing *Reynolds, supra,* at ¶ 27.

{¶20} The doctrine of res judicata operates to prevent relitigation of issues that were already decided by a court and litigation of matters that should have been brought in a previous action. *Rock* at ¶ 10, citing *State v. McDonald*, 11th Dist. Lake No. 2003-L-155, 2004-Ohio-6332, ¶ 21. As such, res judicata will bar claims raised in a post-sentencing motion to withdraw guilty plea that could have been raised in a prior proceeding. *Id.*

{¶21} Upon review, we conclude that res judicata bars appellant's claims. Notably, appellant filed his motion to withdraw his guilty plea on February 22, 2023, thirty-two (32) months after he was originally sentenced and twenty-five (25) months after the trial court revoked his community control sanctions. Appellant alleged below that he spoke with trial counsel at the time of his plea about a possible double jeopardy claim. According to the appellant, his trial counsel refused to raise the issue to the lower court. Despite the opportunity to do so, Appellant also did not inform the trial court of any concerns when addressed by the trial court at the plea hearing or at his sentencing hearing.

{¶22} Further, appellant did not file a direct appeal from the entry on sentence. Appellant could have raised both the ineffective assistance of trial counsel and double jeopardy claims in a direct appeal of his conviction. He failed to do so, thus, res judicata

6

bars him from raising them now. *State v. Curry*, 11th Dist. Ashtabula No. 2014-A-0056, 2015-Ohio-1768, ¶ 8.

{¶23} Since appellant's claims are res judicata barred, this Court need not review for manifest injustice. *Rock* at ¶ 9. Therefore, we conclude that the trial court did not abuse its discretion when it denied appellant's post-sentence motion to withdraw his plea.

{¶24} Based on the opinion of this court, none of appellant's assignments of error have merit and the judgment of the Portage County Court of Common Pleas is affirmed.

JOHN J. EKLUND, P.J.,

MATT LYNCH, J.,

concur.