[Cite as *State v. DiTomaso*, 2025-Ohio-4913.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
### PORTAGE COUNTY

| | |
|---|---|
| STATE OF OHIO, | **CASE NOS. 2025-P-0007** |
| Plaintiff-Appellee, | **2025-P-0014** |
| - vs - | Criminal Appeals from the Court of Common Pleas |
| ALBERT C. DITOMASO, | Trial Court No. 2023 CR 00004 |
| Defendant-Appellant. | |

## OPINION AND JUDGMENT ENTRY

Decided: October 27, 2025
Judgment: Affirmed

*Connie J. Lewandowski*, Portage County Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Plaintiff-Appellee).

*Eric R. Fink*, 11 River Street, Kent, OH 44240 (For Defendant-Appellant).

MATT LYNCH, J.

{¶1} Appellant, Albert C. DiTomaso, appeals from the judgment of the Portage County Court of Common Pleas denying his pro se post-sentence motion to change his guilty plea to one count of sexual battery. DiTomaso's appellate counsel has filed a motion to withdraw and a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting there are no meritorious issues for review. After an independent review of the record pursuant to *Anders*, appellate counsel's potential assignments of error, and DiTomaso's pro se submission, we find DiTomaso's appeals are wholly frivolous. Thus, we grant appellate counsel's motion to withdraw and affirm the trial court's judgment.

{¶2} In January 2023, a Portage County Grand Jury indicted DiTomaso on one count of rape, a first-degree felony, in violation of R.C. 2907.02. In February 2023, DiTomaso agreed to plead guilty to a reduced charge of sexual battery, a third-degree felony, in violation of R.C. 2907.03. In exchange, the State agreed to concur with the presentence investigation and to not oppose local sanctions. Both in his written plea and at the plea hearing, DiTomaso agreed he understood the maximum possible penalty was five years in prison, a $10,000 fine, and a Tier III sex offender classification. The trial court sentenced DiTomaso to 180 days in the Portage County Jail, with credit for 109 days served, and five years of community control, and notified him of his duties to register as a Tier III sex offender.

{¶3} In August 2023, the Portage County Probation Department filed a motion to modify/revoke community control, alleging DiTomaso (1) failed to conduct himself as a good citizen because he was charged with vehicular homicide, aggravated vehicular homicide, aggravated vehicular assault, vehicular assault, three counts of driving while intoxicated, and failure to keep an assured clear distance; and (2) failed to abstain from using illegal substances by testing positive for alcohol, methylenedioxy-methylamphetamine (MDMA) and methamphetamine.

{¶4} At the probable cause hearing for the community-control violation in September 2023, DiTomaso told the court he voluntarily turned himself in and he admitted to both violations. After his counsel expressed DiTomaso's wish to proceed to sentencing, the court terminated DiTomaso's community control and sentenced him to a 12-month term of imprisonment.

Case Nos. 2025-P-0007, 2025-P-0014

{¶5} In January 2025, DiTomaso filed a pro se motion to "vacate probation violation drug screen agreement," in which he contended he had only agreed that he tested positive for alcohol, not that he had used illegal substances.

{¶6} On the same day, DiTomaso also filed a pro se motion "to change plea," contending he was not provided with effective assistance of counsel because he did not have a full understanding of the charges against him, he was not provided with full discovery, he was threatened with a "Reagan Tokes enhancement" and other grossly exaggerated consequences if he went to trial, and he was not given a reasonable amount of time to consider the plea deal.

{¶7} The following month the trial court held a hearing, reviewing DiTomaso had failed a urine screen in jail, and he had filed the two pro se motions. The court determined the case was closed and DiTomaso still had pending charges in another case. After the State argued DiTomaso did not meet his burden to establish a manifest injustice in support of his motion to withdraw his guilty plea and was raising arguments he should have raised on direct appeal, the trial court overruled DiTomaso's motion "to change plea." In a separate judgment entry, the trial court also overruled DiTomaso's motion to "vacate his probation violation drug screen agreement," which DiTomaso did not appeal.

{¶8} DiTomaso filed two notices of appeal from the trial court's judgment denying his pro se motion to withdraw his guilty plea. DiTomaso's appellate counsel subsequently filed a brief pursuant to *Anders*, 386 U.S. 738, asserting there are no non-frivolous issues for review, and a motion to withdraw as counsel. Appellate counsel set forth six potential assignments of error:

{¶9} "[1.] Mr. DiTomaso's plea was not knowingly, intelligently, and voluntarily entered into and is therefore contrary to law.

Case Nos. 2025-P-0007, 2025-P-0014

{¶10} "[2.] Mr. Ditomaso's plea was the result of ineffective assistance of counsel and therefore was taken in violation of defendant-appellant's sixth amendment right to counsel and is therefore contrary to law.

{¶11} "[3.] The trial court wrongly denied Mr. DiTomaso's motion for post-conviction relief without a hearing.

{¶12} "[4.] The trial court violated Mr. DiTomaso's due process rights when it revoked Mr. DiTomaso's probation without obtaining a waiver from Mr. DiTomaso or conducting an evidentiary hearing.

{¶13} "[5.] Mr. DiTomaso was unconstitutionally denied the opportunity to represent himself at the February 7, 2025 motion hearing.

{¶14} "[6.] Mr. DiTomaso was unconstitutionally denied the opportunity to modify his admission at his probation violation hearing."

{¶15} DiTomaso raised three issues in his pro se submission, contending (1) he did not understand the nature of the charges as a result of pleading to a reduced charge of sexual battery, (2) the legal advice he received was deficient, and (3) he did not plead guilty with "his own free will," in violation of his First Amendment rights.

### Standard of Review

{¶16} In *Anders*, 386 U.S. 738, the Supreme Court of the United States held that if appellate counsel, after a conscientious examination of the record, finds an appeal to be wholly frivolous, he or she should advise the court and request permission to withdraw as counsel. *Id.* at 744. This request to withdraw must be accompanied by a brief citing anything in the record that could arguably support an appeal. *Id.* Further, counsel must furnish his or her client with a copy of the brief and the request to withdraw and give the client an opportunity to raise any additional issues. *Id.* Once these requirements have

been met, the appellate court must review the entire record to determine whether the appeal is wholly frivolous. *Id.* If the court finds the appeal is wholly frivolous, the court may grant counsel's motion to withdraw and proceed to a decision on the merits. *Id.* If, however, the court concludes the appeal is not frivolous, it must appoint new counsel. *Id.*

{¶17} We note that effective as of July 1, 2025, our Local Rules no longer permit appellate counsel to file no-merit briefs. *See* Eleventh Dist. Loc.R. 16(F) ("Briefs filed pursuant to *Anders v. California*, 380 U.S. 738 (1967) will not be accepted. Counsel must file a merit brief, unless the appellant directs counsel that the appeal should be withdrawn."). Because appellate counsel filed his brief prior to the rule change, we proceed under the *Anders* framework.

**Postsentence Motion to Withdraw Guilty Plea**

{¶18} Appellate counsel's first, second, third, and fifth potential assignments of error, as well as DiTomaso's issues, concern DiTomaso's post-sentence motion to withdraw his guilty plea.

{¶19} Pursuant to Crim.R. 32.1, a trial court may grant a defendant's post-sentence motion to withdraw a guilty plea only to "correct manifest injustice."

{¶20} In *State v. Straley*, 2019-Ohio-5206, the Supreme Court of Ohio succinctly summarized the precedent surrounding this rule:

> "A defendant who seeks to withdraw a plea of guilty after the imposition of sentence has the burden of establishing the existence of manifest injustice." *State v. Smith*, 49 Ohio St.2d 261 (1977), paragraph one of the syllabus. A "manifest injustice" is a "clear or openly unjust act," *State ex rel. Schneider v. Kreiner*, 83 Ohio St.3d 203, 208 (1998), and relates to a fundamental flaw in the plea proceedings resulting in a miscarriage of justice, *State v. Tekulve*, 2010-Ohio-3604, ¶ 7 (1st Dist.), citing *Kreiner* at 208 and *Smith* at 264. The term "has been variously defined, but it is clear that under such standard, a postsentence withdrawal motion is allowable only in extraordinary cases." *Smith* at 264.

Case Nos. 2025-P-0007, 2025-P-0014

Although Crim.R. 32.1 does not provide a time limit for moving to withdraw after a sentence is imposed, "an undue delay between the occurrence of the alleged cause for withdrawal and the filing of the motion is a factor adversely affecting the credibility of the movant and militating against the granting of the motion." *Smith* at 264, citing *Oksanen v. United States*, 362 F.2d 74, 79 (8th Cir. 1966). And generally, res judicata bars a defendant from raising claims in a Crim.R. 32.1 postsentencing motion to withdraw a guilty plea that he raised or could have raised on direct appeal. *See State v. Ketterer*, 2010-Ohio-3831, ¶ 59.

*Id.* at ¶ 14-15.

{¶21} Appellate courts review a trial court's decision on a motion to withdraw a plea under an abuse of discretion standard. *Id.* at ¶ 15. An abuse of discretion is the trial court's "'failure to exercise sound, reasonable, and legal decision-making.'" *State v. Beechler*, 2010-Ohio-1900, ¶ 62 (2d Dist.), quoting *Black's Law Dictionary* (8th Ed. 2004).

{¶22} DiTomaso waited approximately 20 months after he entered his guilty plea to file his pro se motion to withdraw his guilty plea. He also did not file a direct appeal of his sentence. The allegations in his motion—concerning ineffective assistance of counsel, losing his veteran housing benefits, and being "forced" to accept a plea deal because he was waiting for a resolution in jail without bond—are arguments he could have and should have raised on direct appeal from the sentencing entry. Thus, these arguments are barred by the doctrine of res judicata. *See Straley*, 2019-Ohio-5206, at ¶ 23 ("Res judicata generally bars a defendant from raising a claim in a Crim.R. 32.1 postsentencing motion to withdraw a guilty plea that he raised or could have raised on direct appeal."); *State v. Burton*, 2023-Ohio-4370, ¶ 22 (11th Dist.) (because the appellant could have raised his claims of ineffective assistance of counsel and double jeopardy in a direct appeal of his sentence, the claims were barred by the doctrine of res judicata).

{¶23} A review of the record reveals DiTomaso apparently suffered from "buyer's remorse" as to the sex offender classification and his admissions to violating his

Case Nos. 2025-P-0007, 2025-P-0014

community control because of the impact they had on his pending criminal case. However, "[a] defendant's change of heart is insufficient to demonstrate a manifest injustice, especially where the 'second thoughts' are entirely based upon the dissatisfaction with the sentence imposed." *State v. Pena*, 2023-Ohio-2354, ¶ 25 (11th Dist.). DiTomaso received the benefit of his bargain by pleading to a less serious felony and receiving a sentence of community control, which the State did not contest.

{¶24} In regards to appellate counsel's potential assignments of error, we first note that while ineffective assistance of counsel is a valid ground for filing a post-sentence motion to withdraw a guilty plea, *State v. Gibson*, 2007-Ohio-6926, ¶ 26 (11th Dist.), "'a guilty plea represents a break in the chain of events that preceded it in the criminal process; thus, a defendant, who admits his guilt, waives the right to challenge the propriety of any action taken by a trial court or trial counsel prior to that point in the proceedings unless it affected the knowing and voluntary character of the plea. . . . This "waiver" is applicable to a claim of ineffective assistance of trial counsel unless the allegation caused the plea to be less than knowing and voluntary.'" *State v. Wilmington*, 2023-Ohio-512, ¶ 25 (11th Dist.), quoting *State v. Madeline*, 2002 WL 445036, *4 (11th Dist. Mar. 22, 2002). A guilty plea is deemed to have been entered knowingly and voluntarily if the record demonstrates, as it does in the instant case, that the trial court complied with Crim.R. 11(C). *Id*. at ¶ 26. The record also reflects DiTomaso confirmed his understanding of the trial court's advisements and the charges against him. Therefore, the record demonstrates his guilty plea was knowingly, intelligently, and voluntarily made. *Id.* at ¶ 31.

{¶25} Second, DiTomaso was not entitled to an evidentiary hearing on his motion to withdraw his plea because he did not demonstrate a manifest injustice that would entitle

Case Nos. 2025-P-0007, 2025-P-0014

him to any relief. A hearing is required on a post-sentence motion to withdraw a guilty plea only if the defendant alleges facts that, if accepted as true by the trial court, would require withdrawal of the plea. *Gibson*, 2007-Ohio-6926, at ¶ 32-33 (11th Dist.). None of the facts DiTomaso alleged in his motion to withdraw his guilty plea would have required the trial court to allow him to withdraw his plea.

{¶26} Third, DiTomaso was not prevented from proceeding self-represented at an evidentiary hearing on his motion to withdraw his guilty plea. The transcript reflects the hearing was a status hearing at which the court determined the case was closed since the court had already revoked community control and imposed a prison sentence. The trial court overruled DiTomaso's motion after the State noted DiTomaso's motion was untimely and failed to demonstrate a manifest injustice.

{¶27} In sum, the trial court did not abuse its discretion by overruling DiTomaso's pro se post-sentence motion to withdraw his guilty plea without an evidentiary hearing.

### Revocation of Community Control

{¶28} In the fourth and sixth potential assignments of error, appellate counsel raises several possible issues surrounding DiTomaso's community-control violations. Counsel suggests DiTomaso was deprived of due process because he did not waive his right to a probable cause hearing before being sentenced and he was prevented from modifying his admissions to his community-control violations. However, DiTomaso did not appeal the trial court's judgment denying his pro se motion to vacate his probation violation; thus, these issues are not properly before us.

{¶29} Even if they were, however, these issues would have no merit since consequences to a pending criminal case, and due process violations are invited error. "Under the settled principle of invited error, a litigant may not 'take advantage of an error

Case Nos. 2025-P-0007, 2025-P-0014

which he himself invited or induced.'" *State v. Murphy*, 91 Ohio St.3d 516, 535-536 (2001), quoting *Hal Artz Lincoln-Mercury, Inc. v. Ford Motor Co.*, 28 Ohio St.3d 20 (1986), paragraph one of the syllabus. At the probable cause hearing, DiTomaso stated he voluntarily turned himself in for violating his community control, he admitted to the violations, i.e., the pending criminal charges and testing positive for alcohol and illegal substances, and he asked to proceed to sentencing on the same day. In the words of his counsel, "[H]e has come today. He's prepared to have this at least completed, that way he doesn't have to appear in front of this court again." *See State v. Frazier*, 2017-Ohio-470, ¶ 17 (8th Dist.) (appellant admitted to a violation of the terms of community control and waived any argument that he did not commit a violation of those terms; thus, his due process rights were not violated since he caused any error of which he now complains).

{¶30} After an independent review of the record, appellate counsel's potential assignments of error, and DiTomaso's pro se submission, we conclude the instant appeals are wholly frivolous. Appellate counsel's motion to withdraw is granted, and the judgment of the Portage County Court of Common Pleas overruling DiTomaso's post-sentence motion to withdraw his guilty plea is affirmed.

ROBERT J. PATTON, P.J.,

SCOTT LYNCH, J.,

concur.

Case Nos. 2025-P-0007, 2025-P-0014

# JUDGMENT ENTRY

For the reasons stated in the opinion of this court, appellant's instant appeals are wholly frivolous. It is the judgment and order of this court that the judgment of the Portage County Court of Common Pleas is affirmed.

It is further ordered that the motion to withdraw as counsel for appellant filed by Atty. Eric R. Fink is hereby granted.

Costs to be taxed against appellant.

JUDGE MATT LYNCH

PRESIDING JUDGE ROBERT J. PATTON,
concurs

JUDGE SCOTT LYNCH,
concurs

**THIS DOCUMENT CONSTITUTES A FINAL JUDGMENT ENTRY**

A certified copy of this opinion and judgment entry shall constitute the mandate pursuant to Rule 27 of the Ohio Rules of Appellate Procedure.

Case Nos. 2025-P-0007, 2025-P-0014